*J. RUTHERFORD, plaintiff in error, v. C. A. WRIGHT, defendant in error.

(Atlanta, June Term, 1870.)

HOMESTEAD — JURISDICTION—APPLICATION* — COUNTY OF RESIDENCE.—A motion was made in the Court below in behalf of a judgment creditor of Catharine A. Wright, to enter judgment against a garnishee for the plaintiff's debt, which was resisted on the ground, that the fund in the hands of the garnishee had been set apart as a homestead exemption by the Ordinary of Bibb county, on the application of the defendant in the judgment; and on the hearing of the motion, the plaintiff proposed to attack the judgment of the Ordinary, by offering evidence, that at the time of the application to the Ordinary of Bibb county, for the homestead exemption, and at the time of its approval by the Ordinary, neither the applicant therefor, nor her husband, resided in the county of Bibb, and had not resided in that county for several years, which evidence was rejected by the Court. It also appears from the record, that the plaintiff in the judgment did not have any actual notice of the application for homestead, and was not represented before the Ordinary, but that notice of the application was twice inserted in the daily Telegraph and Messenger newspaper:

*Held,* that, according to the provisions of the Homestead Act of 1868, the applicant therefor, must apply to the Ordinary of the county in which he or she resides at the time of making such application, in order to give the Ordinary jurisdiction; and that if the applicant for a homestead was not a resident of Bibb county at the time of the application therefor, and approval thereof by the Ordinary, then the Ordinary of that county did not have jurisdiction to hear and allow said application, and the plaintiff in the judgment should

*HOMESTEAD—APPLICATION—STATEMENT OF GROUNDS —EVIDENCE.—An application for a homestead under the Constitution of 1877 must state the grounds therefor. An application simply claiming homestead without stating whether as head of a family or in what capacity, is not sufficient; and the record of a homestead so granted will be rejected from evidence. Such a failure in the application cannot be cured on the trial of a claim case based thereon, by parol testimony. Clark *v.* Bell, 67 Ga. 728, citing Lynch *v.* Pace, 40 Ga. 173; Rutherford *v.* Wright, 41 Ga. 128; Cowart *v.* Page, 59 Ga. 235; Torrance *v.* Boyd, 63 Ga. 27.

See foot-note to Lynch *v.* Pace, 40 Ga. 173.

have been permitted on the trial, to prove that the applicant was a non-resident of Bibb county at the time of the application, in order to show that the Ordinary of that county had no jurisdiction.

Jurisdiction. Exemption of Personalty. Before Judge Cole. Bibb Superior Court. November Term, 1869.

Rutherford was transferree of a judgment in favor of one Holdridge, against C. A. Wright, obtained on the 26th of January, 1868. On it, one Shorter was garnisheed. He answered, that as administrator of the father of C. A. Wright, he held $450 00 due to her as an heir of said estate, or to her husband, as the Court might decide, and that the records of the Court of Ordinary of Bibb county, Georgia, showed that the same had been set aside under the Personalty Exemption clause of the Homestead Act, for the benefit of Mrs. C. A. Wright.

*Rutherford moved to have judgment in his favor against said garnishee. It was resisted upon the ground that the fund in his hands was exempt from the payment of her debts. Rutherford read in evidence a bill filed by Mrs. Wright and her husband, against a creditor of her husband, in which they swore that said fund was her separate property. He showed that, though the application for the exemption had been published twice in a gazette, he had no actual notice of the proceeding in the Court of Ordinary, and did not appear there. Mrs. Wright's counsel showed by the records of the Court of Ordinary of Bibb, that, on the 29th of November, 1869, she had filed a schedule of the personal property of her husband, and showed the order of the Ordinary, setting aside said distributive share of said estate to her. as the wife of Milton A. Wright, dated the 25th of March, 1870.

Rutherford then proposed to show that neither Mrs. Wright nor her husband resided in Bibb county in November, 1869, or in March, 1870, or indeed, for several years before that. The Court rejected the evidence, and refused to allow judgment against the garnishee. His idea was, that Rutherford being a creditor at the date of said application, was bound by the judgment of the Ordinary, and that the Superior Court could take no jurisdiction as to said matter of exemption, unless it was brought up by appeal.

John Rutherford. Lochrane & Clark, for plaintiff in error.
Nesbitts & Jackson. M. B. Gerry, (by C. Lanier,) for defendant.

WARNER, J.

The second section of the Homestead Act provides, that every person seeking the benefit of that Act shall make out a schedule and description of the personal property claimed to be exempt under the Constitution, from levy and sale, and hand the same to the Ordinary of the county in which the

applicant resides, etc. The application for a homestead must, *therefore, be made to the Ordinary of the county in which the applicant resides. It appears from the record in this case, that the application for the homestead was made to, and allowed by, the Ordinary of Bibb county. On the trial of the case in the Court below, the plaintiff in the judgment offered to prove and show, that at the time of the application for, and approval of the homestead by the Ordinary of Bibb county, neither the applicant therefor, nor her husband, were residents of that county, and had not been for several years.

This evidence, so offered, the Court rejected, to which the plaintiff excepted, and now assigns the same for error here. In our judgment, the evidence offered should have been received for the purpose of showing that the Ordinary of Bibb county had no jurisdiction to hear and approve the application for the homestead exemption. The judgment creditor was no party to the proceeding before the Ordinary, and had the right to attack it whenever it interfered with his rights, for want of jurisdiction of the Ordinary of Bibb county, to hear and approve the application for the homestead exemption.

Let the judgment of the Court below be reversed.