Witkowski *vs.* Skalowski.

E. WITKOWSKI, plaintiff in error *vs.* B. SKALOWSKI, defendant in error.

A *certiorari* does not lie, to correct the errors of a Justice of the Peace, in a judgment involving questions of fact, when the amount of the judgment is over fifty dollars. In such cases the remedy is by appeal, as provided by the Constitution of 1868.

*Certiorari* to Justice Court. Before Judge COLE. Bibb Superior Court. May Term, 1872.

E. Witkowski sued out a writ of *certiorari* to the Justice Court of the 716th district, Georgia Militia. When said cause was called in the Superior Court, counsel for B. Skalowski moved to dismiss the same, upon the ground that the sum involved in the original suit in the Justice Court exceeded $50, and that therefore the remedy of the dissatisfied party was by appeal, and not by *certiorari*. The Court sustained the motion, and plaintiff in error excepted, and assigns said ruling as error.

POE, HALL & POE; NISBETS & JACKSON, for plaintiff in error.

A. O. BACON, for defendant.

McCAY, Judge.

The Constitution, Article V, section 3, paragraph 2, does provide that the Superior Court shall have power to correct the errors of Inferior Courts by writ of *certiorari*. But it also provides, Article V, section 6, paragraph 2, that whilst a Justice of the Peace shall have jurisdiction of amounts under one hundred dollars, there shall be an appeal from his judgments to the Superior Court when the amount claimed is over fifty dollars. It is hardly to be supposed that it was intended to give the right of *certiorari* and of appeal in the same class of cases. As the word appeal has for a long time been used in Georgia it has been understood to relate only

to matters of fact—it involves trial of questions turning upon evidence, and almost necessarily presupposes the new tribunal to be a jury.   Under our previous system the Justice's Court had a jury, and there was always an appeal from the Justice to the jury.   The Constitution of 1868 dispenses with a jury in a Justice's Court, and increases his jurisdiction to one hundred dollars, but provides that when the amount claimed is over fifty dollars there may be an appeal to the Superior Court.

As we understand this provision it guarantees the right of trial by jury in cases of over fifty dollars if the case turns on matters of fact.   This trial cannot be had by *certiorari*, since on such a writ the review is entirely upon the Judge and is a correction only of errors of law.   We think this case stands precisely on the footing of the judgment of an Ordinary on the probate of a will.   The Constitution of this State has, for many years, provided for an appeal from the Probate Court; and it has also, for many years, had this same provision as to the power of the Superior Court to correct errors by *certiorari*.   The uniform construction of these two provisions has been that when the question involved matters of fact appeal was the only remedy.

We apply this same rule to this question.   If the decision be one purely of law, the party may adopt the writ of *certiorari*.   If questions of fact be also involved the remedy must be by appeal.   We think in this way, and in this way only, can the right of trial by jury be preserved, as it was clearly the intent of the Constitution to preserve it in cases where the amount claimed is over fifty dollars.

Judgment affirmed.