L. Ricard Collini, plaintiff in error, *vs.* John Nicolson, defendant in error.

(McCay, J., was providentially prevented from presiding in this case.)

1. A mechanic has a lien for the necessary materials furnished in order to comply with his contract, where his services were necessary to fit and put them up, though the articles may have been purchased by him.
2. A bill of particulars need not accompany the affidavit foreclosing a mechanic's lien.

Mechanics' lien.    Before Judge Schley.    Chatham Superior Court.    May Term, 1873.

For the facts of this case, see the decision.

Collini *vs.* Nicolson.

CHARLES N. WEST, for plaintiff in error.

RUFUS E. LESTER, for defendant.

WARNER, Chief Justice.

This was a proceeding to enforce a mechanic's lien for labor performed and materials furnished, under the provisions of the act of 1869. The defendant filed a counter-affidavit, and the issue thus formed was tried in the court below. On that trial the jury, under the charge of the court, found a verdict in favor of the plaintiff for the sum of $771 99. A motion was made by the defendant for a new trial on the several grounds set forth therein, which was overruled by the court, and the defendant excepted.

1. The main ground of error complained of here, is to the charge of the court as to the plaintiff's lien as a mechanic, for the materials furnished by him as set forth in the record. It appears from the evidence that the plaintiff is a mechanic, that the defendant employed him as such to fit up his restaurant in the city of Savannah, and that he did so and furnished the materials for that purpose, to-wit: one nine-foot carving table, one seven-foot range, one broiler, one water fount and pipe, iron bars for broiler, two hundred and ninety-one pounds copper pans, frying pans and omelet pans, four two-light chandeliers, one four-light chandelier, four three-light chandeliers, two two-light chandeliers, twenty globes for chandeliers, one two-light pendant, back room chandelier. The plaintiff purchased these several articles, did not make them; but it required a mechanic to put up and fit together the aforesaid articles, to-wit: table, chandeliers, etc. The argument for the defendant is, that as to these several articles furnished by the plaintiff in fitting up the defendant's restaurant, he is a vendor of them to the defendant, and has no lien as a mechanic for the price thereof as for materials furnished und the statute. The court charged the jury, "that if they foun from the evidence that the plaintiff, as a mechanic, en-

Collini *vs.* Nicolson.

tered into a contract with the defendant to fit up his restaurant, and did, in the capacity of a mechanic, furnish the articles specified in the plaintiff's bill, and did the labor and charged for them in the performance of said contract, then the plaintiff had a lien upon the property of defendant to the amount of said bill for said articles and labor, even though the plaintiff had bought the articles which he so furnished." The plaintiff was employed as a mechanic by the defendant, to fit up his restaurant, to enable him to do the business of a restaurant keeper therein, and to furnish the proper and necessary materials for that purpose. It required, according to the evidence, a mechanic to put up and fit together the articles referred to, for the use intended. The *necessary* materials furnished by the plaintiff, as a mechanic, under his contract with the defendant to fit up his restaurant, gave him a lien therefor, under the provisions of the act of 1869. "Mechanics shall have liens upon the property of their employers for labor performed and for materials furnished," are the words of the act. The plaintiff performed the labor as a mechanic, in fitting up the defendant's restaurant, and furnished the materials for that purpose under his contract with him. Were the materials furnished by the plaintiff, contained in the bill of particulars, *necessary* to complete the job in connection with the plaintiff's labor? The defendant's restaurant could not well have been fitted up for the use intended without the materials furnished by the plaintiff specified in the bill of particulars, and his labor performed thereon in fitting up the same for the use of the defendant, and it is not pretended that the materials so furnished by the plaintiff, were not necessary for that purpose. In our judgment there was no error in the charge of the court to the jury, in view of the evidence contained in the record.

2. The Code, which provides for the enforcement of mechanics' liens, does not require that a bill of particulars for the labor performed and materials furnished should accompany the affidavit of foreclosure, and therefore there was no error in the refusal of the court to dismiss the proceeding for the want of

such bill of particulars, though we think it would be a good practice to do so; but we are not legislators to make the laws, our duty is to interpret and enforce them.

Let the judgment of the court below be affirmed.