Powell & Murphy *vs.* Weaver.

---

POWELL & MURPHY, plaintiffs in error, *vs.* A. M. & T. F. WEAVER, defendants in error.

The affidavit necessary to foreclose a crop lien given to factors, must state all the facts necessary to constitute a valid lien, and amongst them that it was created by special contract in writing.

Factors' lien.    Pleadings.    Before Judge HALL.    Monroe Superior Court.    August Term, 1875.

Reported in the decision.

SPEER & STEWART; TURNER & MURPHY; J. A. COTTEN; J. D. RODDY, for plaintiffs in error.

HAMMOND & BERNER; W. D. STONE, for defendants.

WARNER, Chief Justice.

The only question made in this case is whether the affidavit of the plaintiffs to foreclose their crop. lien against the defendant, was in compliance with the requirement of the statute. The court below held that it was not, and dismissed the plaintiffs' levy; whereupon the plaintiffs excepted.

It is alleged in the affidavit of foreclosure that the defendant was indebted to the plaintiffs the sum of $98 00 for supplies furnished to make a crop for the year 1874, and, to save them from loss, gave them a lien, under section 1978 of the Code of Georgia, upon her crops of cotton, corn, etc., raised during the year 1874, which said lien was dated the 1st day of January, 1874. The point of objection was, that it was not alleged in the affidavit that the lien was in *writing*. One of the conditions prescribed by the 1978th section of the Code, in order to make a valid lien under that section, is, that it must be created by special contract *in writing*. The only pleading required in this summary remedy to foreclose a crop lien, is the affidavit of the plaintiff; consequently, that affidavit should allege all the facts which it is necessary for the plaintiff to prove at the trial, to constitute a valid lien under the statute, and if all the facts necessary to constitute a valid lien are not alleged in the affidavit, it is a good ground of demurrer thereto. Inasmuch as it is one of the conditions of a valid crop lien that it should be created by a special contract *in writing*, that fact should be alleged in the plaintiff's affidavit, and that not having been done in this case, the demurrer thereto was properly sustained by the court. It does not necessarily follow from the allegation in the affidavit that the defendant gave the plaintiffs a lien under the 1978th section of the Code upon her crops, etc., that the conditions prescribed

by that section had been complied with, so as to constitute it a valid lien.   The lien may have been taken under that section of the Code, and still not have been taken in accordance with the terms and conditions required by it.

Let the judgment of the court below be affirmed.