## WALLS *vs.* RUTHERFORD.

[This case was argued at the last term and decision reserved.]

As section 1976 of the Code declares that the liens of laborers shall arise upon the completion of their contract of labor, and that such

liens in conflict with each other shall rank according to date, dating each from the completion of the contract of labor, one of the facts necessary to constitute the laborer's lien is the completion of his contract, and such fact must appear in the affidavit of foreclosure.

Laborer's lien.    Pleadings.    Before Judge TOMPKINS. Chatham Superior Court.    November Term, 1876.

This case arose upon a contest over a fund in court for distribution between Walls, claiming under an execution based on the foreclosure of a laborer's lien against Howard, and Rutherford, under a distress warrant.    The proceedings on the lien were dismissed for insufficiency in the affidavit.

The affidavit stated that Walls was a laborer; that Howard was indebted to him $100.00 for labor performed by him on Howard's farm, describing it; that the labor was performed from January 1, 1876, to the 14th of the following December, and that the $100.00 now due is the balance on account of such labor; that the work done was plowing, hoeing, attending to the stock, etc.; that he made demand, payment was refused, and that he prosecutes his lien within one year after the debt became due.

To the said dismissal Walls excepted.

A. P. & S. B. ADAMS; A. B. SMITH, for plaintiff in error.

P. W. MELDRIM, for defendant.

BLECKLEY, Judge.

Certainly a laborer's lien cannot be foreclosed until it has arisen.    When does it arise?    The Code fixes the time with precision.    It declares (section 1976) that the liens of laborers shall arise upon the completion of their contract of labor.    Until then, no lien exists.    And this is a wise provision. A general lien that can be foreclosed by mere affidavit, and can be enforced at once by the seizure and sale of property, is a high security.    By giving it to a particular class of

creditors, when it is denied to others, the law manifests a special interest in the favored class, and a disposition to protect those who may belong to that class, somewhat beyond the protection afforded to the citizens generally. It is proper that such a discrimination should be attended with the reasonable condition, that any one of the favored individuals, whoever he may be, shall do his whole duty in respect to the contract out of which his lien is to spring; and a most important part of his duty is, to hold out to the end, and comply fully with his part of the engagement. In order that it may be to his interest not to break with his employer, or otherwise violate his contract, the law, while affording him a lien, postpones its accrual until he has fully completed his contract of labor. Not a single day before completion, does the lien have any existence. Completion is an indispensable fact, as much so as labor, and the affidavit of foreclosure might as well not mention labor as not aver completion. The invariable rule in respect to the summary foreclosure of liens is, that the affidavit must disclose all the facts necessary to constitute the lien claimed. 56 *Ga.*, 288. If completion had been wrongfully prevented by the employer, and that had been alleged in the affidavit, with the requisite details as to how and when the wrong was committed, such a substitute for a simple, direct averment of completion would, perhaps, have been sufficient. I think it would.

The court did not err in holding the affidavit defective; and the entire superstructure built on such a foundation had to tumble.

Cited in the argument: Code, §§1991, 5022, 1976; 51 *Ga.*, 560; 46 *Ib.*, 197; 56 *Ib.*, 148; Cooley Con. Lim., 64, and n. 1; Code, §3332; 54 *Ga.*, 137; 56 *Ib.*, 289.

Judgment affirmed.