BRANTLEY *vs.* RAYBON.

An affidavit to foreclose a laborer's lien should show that the work has been completed, and that a demand for payment has been made on the debtor since the debt became due.

Liens. Pleadings. Before Judge TOMPKINS. Pierce Superior Court. March Term, 1878.

To the report contained in the decision, it is only necessary to add the affidavit on which the proceedings were based. It was as follows:

" GEORGIA—Pierce county.

"Before me, A. M. Moore, judge corporation court of said county, personally came W. F. Raybon, who, on oath, says that Kendrick & Moore are indebted to him in the sum of $31 75-100, for work and labor done for said firm, in and about their brick-yard, in the making of brick; said work and labor being done by said deponent for said Kendrick & Moore, as will be seen particularly in the account sworn to and appended to this affidavit; and further, this deponent has made a demand upon Kendrick, one of the firm, for payment of said demand, and he refuses to pay; and further, said work was done during the month of April of this year, 1876,—from the 13th day of April to the 27th day of the same. And this lien deponent presents within one year after the debt becomes due, and deponent makes this affidavit in order that a lien *fi. fa.* may issue, according to the statute in such cases made and provided for laborers' liens.

(Signed)                    W. F. RAYBON.

"Sworn and subscribed this May 8, 1876.

A. M. MOORE, J. C. C. P. C,"

JNO. C. NICHOLS, for plaintiff in error.

No appearance for defendant.

WARNER, Chief Justice.

This case came before the court below on a *certiorari* from the corporation court of Blackshear, in the county of Pierce, created by the act of 1872, in which a proceeding had been instituted to foreclose a laborer's lien, under the provisions of the 1976th section of the Code. On the hear-

ing of the *certiorari*, containing the alleged errors complained of at the trial in the corporation court, the superior court dismissed it, and affirmed the judgment of the corporation court, whereupon the plaintiff in *certiorari* excepted.

It appears from the bill of exceptions that the *fi. fa.*, which issued on the affidavit of foreclosure, was levied on certain described bricks at the kiln of Kendrick & Moore, for whom the work for which the lien claimed was alleged to have been performed. The bricks so levied on were claimed by Brantley as his property, and, upon the trial of that claim, the jury found the following verdict: "We, the jury, find a verdict in favor of plaintiff, with ten *per cent.* damages." It appears from the bill of exceptions that it was admitted, by the answer to the *certiorari*, that there was no evidence that the bricks levied on were the property of Kendrick & Moore, or that the same were in their possession at the time of the levy, and that the corporation court refused to dismiss the lien proceedings because it was not alleged in plaintiff's affidavit, nor proved at the trial, that the contract for the labor for which the lien was claimed, had been completed, as required by the 1976th section of the Code, and because it was not alleged in plaintiff's affidavit that a demand was made for payment of Kendrick & Moore, or either of them, *after the debt became due.*

In view of the facts of this case, as disclosed in the record, the court erred in dismissing the *certiorari* and affirming the judgment of the corporation court. Let the judgment of the court below be reversed, on the ground that the affidavit on which the execution was based was insufficient to authorize the execution to issue.

Judgment reversed.