DEXTER *vs.* GLOVER.

1. Though the principal sum with interest thereon exceed fifty dollars, the party cast in the justice court may *certiorari* to the superior court, where the judgment of the justice of the peace is based on questions of law unmixed with matters of fact necessary to adjudicate the legal points.
2. To foreclose a laborer's lien, it is necessary that the affidavit allege that the laborer has completed his contract.
3. A justice of the peace may administer the affidavit and issue execution for a laborer's lien ·under the lien act of 1873, and Code, sections 1974, 1975, 1984-1991—these provisions superseding the act of 1868 so far as laborers are concerned.

*Certiorari.* Jurisdiction. Liens. Laws. Before Judge HARRIS. Wayne Superior Court. September Term, 1878.

Glover foreclosed a laborer's lien against Colquitt; *fi. fa.* issued, and was levied on a saw-mill. Dexter, who had bought the mill from Colquitt, filed a counter-affidavit, and issue was thus formed. The affidavit of foreclosure alleged that Colquitt, as owner of the mill, was "indebted to deponent in the sum of $50.00 for work and labor done by him for the said W. W. Colquitt at and about said steam saw-mill, in the capacity of inspector of lumber at said steam saw-mill, for and during the month of February 1878, at the price of $50.00; but it did not affirmatively appear that the contract of hire had been completed. The counter-affidavit, among other things, set up want of jurisdiction in the justice who took the affidavit and issued execution thereon, to perform such acts.

The justice found for plaintiff. Dexter carried the case to the superior court by *certiorari.* Plaintiff moved to dismiss the *certiorari* because the amount involved, principal

Dexter *vs.* Glover.

and interest, was more than \$50.00 ; the motion was overruled. The court then overruled the *certiorari*. Defendant excepted; plaintiff also joined in the bill of exceptions because of the refusal to dismiss the *certiorari*.

GOODYEAR & HARRIS, for plaintiff in error, cited, on jurisdiction, acts 1868, p. 135 ; acts 1873, pp. 12, 43 ; Code, §5056, 5066. Contract must be completed, 60 *Ga.*, 439.

JNO. D. RUMPH, for defendant, cited as follows: On motion to dismiss, Code, §4157 ; 53 *Ga.*, 568 ; 58 *Ib.*, 77 ; Code, §§2054, 2055,1976 ; acts 1877, pp. 83–84. On jurisdiction of justice, Code, §1974, 1975, 1984 ; acts 1877, pp. 83, 84.

JACKSON, Justice.

1. A legal question unmixed with any disputed fact necessary to its adjudication being made in the *certiorari*, the party was entitled to that remedy, though the debt, principal and interest, counted together exceeded fifty dollars. 58 *Ga.*, 77 ; 46 *Ga.*, 41 ; 51 *Ga.*, 194.

2. The *certiorari* should have been sustained because there was no allegation that the laborer had completed his contract in the affidavit to foreclose. 60 *Ga.*, 439 ; 61 *Ib.*, 211 ; *McDonald vs. Knight*, this term.

3. The justice of the peace, under the act of 1873, and the Code, §§1974–5–6, 1984, 1991, had the power to take the affidavit and issue execution in this case, it being the foreclosure of a laborer's lien. The act of 1868 is repealed by the act of 1873, in so far as it stands in the path of the latter act, which was designed to provide a uniform mode of foreclosing all liens therein referred to—the lien of all laborers included.

The judgment is reversed because the affidavit did not allege that the contract was completed, and that is enough to rule and decide finally this case.

Judgment reversed.