## CLARK vs. BELL.

An application for homestead under the constitution of 1877 must state the grounds therefor. An application simply claiming homestead, without stating whether as head of a family or in what capacity, is not sufficient; and the record of a homestead so granted will be rejected from evidence.

(a.) Such a failure in the application cannot be cured, on the trial of a claim case based thereon, by parol testimony.

Homestead. Evidence. Before Judge CRISP, Sumter Superior Court. April Term, 1881.

Reported in the decision.

J. R. WORRILL, for plaintiff in error.

E. G. SIMMONS ; HAWKINS & HAWKINS, for defendant.

SPEER, Justice.

It was consented by counsel that both of the above cases should be argued and decided as one—both cases involving the same legal questions, and as one judgment will necessarily control the other.

Clark vs. Bell.

Defendant in error levied certain justice court *fi. fas.* on lot of land, No. 280, in the old 26th district of Sumter county. To these levies plaintiff in error interposed his claim, asserting in his claim affidavit " that said lot of land levied on has been set apart under the homestead laws for the support of said claimant and his wife and five minor children."

Plaintiff in *fi. fa.* introduced in evidence the *fi. fa.* levied and proved claimant in possession of the land levied on at the time said levy was made and closed.

Claimant offered in evidence in support of his claim the record of his homestead based upon the following petition :

GEORGIA—Sumter county.

*To the honorable ordinary of said county :*

George E. Clark, of said county, respectfully applies for exemption of personalty, and setting apart and valuation of realty, under the constitution and laws of said state, and an order to the county surveyor,- or if none, to some other surveyor, to lay off his homestead as allowed by section 1st, article 7th, of the constitution of said state, and make a plat of the same, as in duty bound.

    (Signed)                         GEO. E. CLARK.

To this application was attached a schedule containing the two hundred and eighty acres of land in the 26th district of said county and other real estate ; also, a schedule of personal property ; also, an order of the ordinary directing a survey and plat of said land to be made by the surveyor; a return; a survey and plat by the surveyor, and an approval by the ordinary of the return of said surveyor. To which record as evidence counsel for plaintiff below objected, on the ground that the record did not show that claimant made the application as the head of a family, which objection the court sustained and excluded the evidence. The jury found the property subject. Claimant moved for a new trial on the following grounds :

(1.) Because the court erred in not allowing claimant to prove by parol that claimant was the head of a family

consisting of a wife and several minor children, both now and at the time said homestead and exemption were set apart.

(2.) There was no sufficient evidence to support said verdict and judgment.

(3.) Because the jury found contrary to evidence and contrary to law.

(4.) Because the court erred in ruling out the homestead record of said Geo. E. Clark by reason of the objection made to the same.

The court overruled the motion and refused the new trial ; whereupon plaintiff in error excepted, and assigns the same as error.

Under the constitution of 1868, article 7th, section 1st, " each head of a family or guardian or trustee of a family of minor children shall be entitled to a homestead of realty the value of $2,000, and of personal property to the value of $1,000 " Code, §5135.

Section 4114 of the Code provides: " Every application made to the ordinary for the granting of any order shall be by petition in writing, stating the grounds of such application and the order sought." It will appear from the record that the applicant in this case failed to state in what character he applied. It does not appear whether he was the head of a family—whether as guardian or trustee—or for whose benefit the application was made. So far as the record discloses, there was nothing to give the court jurisdiction to hear, much less to grant, the application for this homestead to the petitioner. But it is insisted by counsel for plaintiff in error, inasmuch as the application sought to have the homestead set apart under " the constitution and laws of this state " provided for, that this made the constitution and laws a part of the application, and thus they aided to designate for whom, in what capacity, he applied. But the constitution provides likewise for a guardian and trustee of minor children to make the application. So, even aided by this reference, the

character in which the applicant petitions is still unknown. But, in pleading, the rule is settled that all averments necessary to be made for a successful result must be made, and especially when by it such important interests are sought to be secured.   But can this reference to the laws and constitution aid the petition ?   In the lien laws providing for a foreclosure of the same it is required that the " plaintiff must in his affidavit show all the facts necessary to constitute a lien under the Code. "

In the case of *Powell vs. Weaver*, 56  *Ga.*,  288, the affidavit failed to  state the  contract of lien was in  writing, but did  aver it  to be a  lien  under section 1977 of the Code, which section required the  lien  contract to be in writing, yet this court held that a reference to that section of the Code in the  affidavit was  not  sufficient, but that the affidavit itself must set out all the facts necessary to constitute a lien, and held the defect fatal.

We see, therefore, no error in the judgment of the court excluding the application for homestead as evidence from the jury, and in overruling the motion and refusing a new trial. 40 *Ga.*, 173; 41 *Ga.*, 128; 59 *Ga.*, 235; 63 *Ga.*, 27.

Let the judgment of  the court below be affirmed in both cases.