## MALSBY & COMPANY v. WIDINCAMP.

BECK, J. 1. In the trial of this case it was material for inquiry and determination as to whether or not certain claims had been filed in the name of the present defendant by a certain person as the attorney at law and agent for the plaintiffs in the present suit, using the name of the present defendant with his consent, or whether the person referred to acted as the attorney at law for this defendant. Apparently, in filing the claims, the person in question acted as attorney for the defendant in the present case, while the defendant insists that, though his name was used in filing the claims, the attorney appearing as acting for him really represented, as agent and attorney at law, the plaintiffs in the

instant case, and in representing the plaintiffs that attorney made certain material representations and entered into certain material undertakings of which the defendant now claims the benefit. In reference to this issue, as to whom the attorney represented in filing the claims referred to, the court charged the jury as follows: "You look to the facts and circumstances to see what the status of the case was when those claims were filed, and see whether" the attorney in question "was acting for Malsby & Company [the present plaintiffs] or Mr. Widincamp [the present defendant]. These are matters for you to determine. If he was acting for Malsby & Company in filing those claims, then Malsby & Company would be bound, and not Mr. Widincamp. If he was acting for Mr. Widincamp and Mr. Widincamp undertook to defend that title, then Malsby & Company would not be bound. You look to the evidence and determine whether or not Malsby & Company were the parties conducting that defense under the claim of Mr. Widincamp. See whether or not that was their defense or Mr. Widincamp's." This charge might have misled and confused the jury. They might have thought that if the attorney referred to undertook to act for Malsby & Company, they would be bound by what he did and undertook, without regard to the question whether or not they had conferred upon him the power to act for them and bind them. While the court probably meant that they would be bound in case the attorney acted for them under authority conferred by them upon him, and within the scope of his agency, it was error to give the instructions in the language quoted, without also instructing the jury, when duly requested in writing by counsel for the plaintiffs, that no statement made by the attorney in question would be binding on the plaintiffs unless it appeared that he had authority, conferred by the plaintiffs, to make the statement. For if the instruction requested had been given, the jury would have clearly understood that the statements made by the attorney himself would not prove his agency or right to act in the premises, and that the fact of his agency and right to act would have to be established by other testimony.

2. Otherwise than as indicated in the preceding headnote, no material errors were made to appear in the court's rulings or the charge to the jury.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

FEBRUARY 11, 1915.

Attachment. Before Judge Sheppard. Tattnall superior court. January 21, 1914.

*Way & Burkhalter,* for plaintiffs.
*Hines & Jordan* and *H. C. Beasley,* for defendant.