*Hill & McElvey,* contra.

---

### 14929. MALSBY & COMPANY *v.* WIDINCAMP.

STEPHENS, J. 1. The vendor's warranty of title to personal property sold does not warrant the purchaser against loss sustained by virtue of a lien afterwards arising and asserted against the property. *Smith v. Williams,* 117 *Ga.* 782 (45 S. E. 394, 97 Am. St. R. 220); *Houser v. Cooper,* 102 *Ga.* 823 (30 S. E. 539).

2. But as to any lien against the property which may have arisen prior to the sale, the vendor's warranty of title protects the purchaser.

3. A vendor's title acquired by purchase from another is subject to any laborer's lien upon the property at the time of purchase of which he had notice or which had been reduced to execution and levy.

4. A laborer's lien arises upon the completion of his contract of labor. Knowledge by the vendor, before he acquired his title to the property from another as above indicated, that a laborer's contract of hire with

the person from whom the vendor bought had been completed and that the laborer had not been paid, was sufficient to put the vendor, when purchasing the property, on notice of the laborer's existing lien. When such a lien was afterwards foreclosed within the statutory period, the title which the vendor had acquired to the property was incumbered with such lien.

5. If, however, the vendor, at the time he acquired his title to the property, had no knowledge that any laborer's contract of hire with the former owner from whom the vendor acquired title had been completed, and the laborer's lien had not in fact been reduced to execution and levy before the vendor acquired his title, the title in the vendor would not be incumbered with any general lien of the laborer. Civil Code (1910), § 3339.

6. Where the person with whom the laborer contracted had originally purchased the property from the vendor, and it does not appear that title at the time had been retained by the vendor, it is to be presumed, although the property had not been paid for, that title at the time passed to the purchaser; but should it appear upon another trial that the person with whom the laborer contracted had originally purchased the property under a retention-of-title contract retaining the title in the present vendor, from whom he bought, and had therefore himself never acquired any title which he could convey to the present vendor, the present vendor acquired no title from him, and therefore the present vendor's title, if his retention-of-title contract was at the time duly recorded, would not be incumbered with any general liens asserted against the property as the property of the person with whom the laborer had contracted, and notice to the present vendor at the time would be immaterial.

7. In a suit by the present vendor against the present purchaser to recover a balance due on the purchase-money, the defendant could not set off an amount which he may have paid to remove liens which accrued against the property after he purchased it, although such liens had been adjudicated against the property in suits by the lienors wherein the defendant had claimed title and lost. This is true although in the claim cases the defendant may have vouched the plaintiff into court to defend the title. The liens being no incumbrance upon the plaintiff's title, and their assertion being no breach of warranty of title by the plaintiff, the defendant had no cause of action by way of set-off against the plaintiff, arising by virtue of the defendant's having discharged the liens against the property. *McArthor* v. *Ogletree,* 4 *Ga. App.* 429 (61 S. E. 859).

8. The amount recoverable for removing any lien which under the rulings in paragraph 4, supra, may have incumbered the plaintiff's title before the sale to the defendant may be set off against the plaintiff's suit to recover the purchase-money. The amount so paid by the defendant will be binding upon the plaintiff should it be made to appear that the plaintiff had been vouched into court. *Malsby* v. *Widincamp,* 24 *Ga. App.* 737 (102 S. E. 178).

9. Evidence that the vendor had, before the defendant purchased the property and before the vendor had "foreclosed" against the original purchaser, been informed "about the labor" is not sufficient to authorize

a finding that the vendor, at the time he acquired the property from the original purchaser, had notice that the contract for labor had been completed. Notice given before July 29, the date of the sale to the defendant, or before the "foreclosure" which preceded that date, is not necessarily notice given after May 23, the date of the completion of the contract of labor and when the lien arose.

10. Since the right which the defendant is seeking to assert against the plaintiff by way of set-off is not predicated upon the defendant's being a bona fide purchaser for value without notice, it is immaterial, as to his right against the plaintiff, that the retention-of-title contract under which the defendant purchased had not been admitted to record.

11. Applying the above rulings, the evidence demanded a verdict for the plaintiff for the unpaid purchase-money, and a verdict giving credit to the defendant for the amount paid by the latter in discharge of the lien was without evidence to support it and contrary to law. *Houser* v. *Cooper*, supra.

12. In view of the above rulings, it is unnecessary to pass upon any of the assignments of error other than those contained in the general grounds of the motion for a new trial.

13. None of the rulings here made are in conflict with any of the rulings heretofore made in this case, either in the Supreme Court or in this court, as reported in 143 *Ga.* 168 (84 S. E. 544), and in 24 *Ga. App.* 737 (supra). The rulings in the latter case are based upon the hypothesis of an existing lien upon the property when bought by the defendant. The record as here presented shows no such lien. The plaintiff in the case now under consideration relies upon a theory of the evidence not considered and passed upon in the former decisions.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 30, 1924.

Complaint; from Tattnall superior court—Judge Sheppard. June 30, 1923.

STATEMENT OF FACTS BY STEPHENS, J.

This is a suit by Malsby & Company for an alleged balance due on the purchase-price of a sawmill outfit sold by them on July 29, 1903, under a retention-of-title contract, to the defendant, Widincamp. The defendant in his plea admitted the indebtedness, but pleaded as a set-off an amount paid by him in removing certain laborers' liens upon the property, foreclosed against one Moring, who had repurchased the property from the defendant on October 22, 1903, in which foreclosure suit the property was adjudged subject to the liens despite the defendant's claim of title to it.

It appears that the plaintiffs sold the machinery to Moring some time in the year 1901 (the nature of the contract does not appear), but by an agreement with Moring rescinded that sale, and at the same time (July 29, 1903) resold the property to the defendant

under the retention-of-title contract now sued on, Moring releasing all his right, title, and interest in the property to Widincamp. It does not appear from the evidence that any lien as against Moring had been reduced to execution and levied upon the property prior to the rescission of the sale to Moring and the resale by Malsby & Company to Widincamp. It does appear, however, that one laborer had on May 23, 1903, completed his contract with Moring, but it does not appear that Malsby & Company had notice of this fact. It appears from undisputed evidence that the liens foreclosed against Moring and levied on the property as Moring's were general liens of laborers working about the sawmill upon two contracts of labor, one of which was completed before Malsby & Company rescinded the contract of sale, and the other on October 20, 1903, and that the liens were foreclosed respectively on December 5, 1903, and October 26, 1903. It does not appear that the retention-of-title contract between Malsby & Company and Widincamp had ever been admitted to record. There is some evidence authorizing the inference that the attorney who represented Widincamp in the claim which he interposed in the lien-foreclosure suit against Moring was the attorney for Malsby & Company and was acting for them and in their interest, and that by reason of that fact Malsby & Company were virtually vouched into court to defend the title in the claim cases. · The jury found for the defendant on his plea of set-off, and gave judgment for the plaintiff in the sum of $8.97 principal, etc. The plaintiff moved for a new trial on the general grounds and upon various special grounds.

*W. T. Burkhalter, Colquitt & Conyers,* for plaintiff.