### 19467.   LITTLE *v.* WALTERS *et al.*

STEPHENS, J.   1. The general lien of a laborer, which arises by virtue of section 3329 of the Civil Code of 1910, ranks, as provided by section 3341 of that code, superior to a landlord's general lien for rent.   Al-

though the laborer's general lien arose subsequently to the landlord's lien, the laborer's lien is, nevertheless, superior in dignity to the landlord's lien. *Stonewall Jackson Loan & Building Association* v. *McGruder*, 43 *Ga.* 9 (3); *Langston* v. *Anderson*, 69 *Ga.* 65 (2); *Allred* v. *Haile*, 84 *Ga.* 570 (3) (10 S. E. 1095); *Georgia Loan &c. Co.* v. *Dunlop*, 108 *Ga.* 218 (2, 3) (33 S. E. 882); In re Erie Lumber Co., 150 Fed. 817, 823, 824. In so far as *Houser* v. *Cooper*, 102 *Ga.* 823 (30 S. E. 539), may be in conflict with *Stonewall Jackson Loan &c. Asso.* v. *McGruder*, *Langston* v. *Anderson*, and *Allred* v. *Haile*, supra, which construe the law with reference to liens as codified in the Civil Code of 1910, § 6207, it must yield to their authority, as they are the older decisions. *Greenfield* v. *Vason*, 74 *Ga.* 126, 128; *Calhoun* v. *Cawley*, 104 *Ga.* 335 (30 S. E. 773); *Josey* v. *State*, 148 *Ga.* 468 (1 *b*) (96 S. E. 1041); *Slaton* v. *Hall*, 168 *Ga.* 710, 717 (148 S. E. 741).

2. Section 3339 of the Civil Code of 1910 does not, where the laborer's lien is not reduced to execution and levy until after the creation of a landlord's general lien for rent, deny to the laborer's general lien its superior dignity to the landlord's general lien for rent. That section merely denies to a laborer's lien its superiority as against a bona fide purchaser before the lien has been reduced to execution and levy.

3. In a contest between two claimants for a fund in court for distribution, derived from the sale of personal property under the foreclosure of a landlord's general lien for rent by one of the claimants, and claimed by the other under a laborer's general lien, although the laborer's general lien did not arise by completion of the contract of labor until after the landlord's general lien had arisen by levy of a distress warrant, it was error to award the fund to the claimant who claimed by virtue of a landlord's general lien.

4. The superior court erred in not sustaining the certiorari by which the claimant who claimed the fund by virtue of a laborer's lien sought to review a judgment of the appellate division of the municipal court of Atlanta, affirming a judgment awarding the fund to the claimant who claimed it by virtue of a landlord's general lien for rent.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED OCTOBER 18, 1929.

*F. E. Radensleben,* for plaintiff in error.
*Branch & Howard, Bond Almand,* contra.