## GREEN v. PYNE.

1. An attachment may be sued out against one of several partners, without joining the others.

2. An attachment ought not to be quashed, because the articles of personal proper-ty levied on, are not specifically described in the sheriff's return.

3. An attachment sued out previous to the act of 1837, ought not to be quashed because levied on land, as well as personal estate. It may be doubtful whether the levy on the land would have any effect, but it is certain that the levy on the personal estate, is a good execution of the process.

Writ of error to the County Court of Sumter County.

GREEN sued out a writ of attachment against Pyne, descri-bing him therein, as one of the late firm of Pyne & Huntington. The sheriff's return shews that the process was levied "on all the goods, merchandize, and stock in trade of Thomas Pyne, in the store, by him heretofore occupied, be'ng his entire assort-ment in trade, estimated at about nine thousand dollars. Also, the store-house and lot, in Gainesville, on main-street, purcha-sed by Pyne & Huntington, of John A. Powell. Also, on a lot in said town, adjoining to the house and lot and homestead of Lyle B. Fawcett. Also, on a house and lot in said town, occu-pied by Mr Lee, and adjoining a lot lately occupied by Battaile Reynolds."

The County Court quashed the attachment, and rendered judgment against the plaintiff, for costs. The reasons for the motion to quash, are stated in the transcript, and are as follows:

1st. Because the affidavit declares the debt to be due from the partners, Pyne & Huntington.

2d. Because the process was levied on land.

3d. Because the levy was made jointly with other attachments.

4th Because, under the levy, the defendant could not replevy.

BLISS, for the plaintiff in error, submitted the case.
No counsel appeared for the defendant.

GOLDTHWAITE, J.—We are not apprised of the reasons which induced the County Court to quash this attachment, unless they were those which are stated in the motion of the defendant; and none of them are sufficient to support the decision.

1. A debt due from copartners, is the debt of each one of the partners, and each may be severally sued; or, to speak with reference to our own statutes, it is lawful to prosecute an action against any one or more of the partners: (Aik. Dig. 268:) South-wick v. Marr's executor's: (2 Porter 351.) As an action can be lawfully prosecuted against one partner, there seems to be no impediment to suing out process of attachment, whenever the requisite affidavit can be made. It is not necessary to consider what the condition of this suit might have been, if the defendant had died before final judgment, leaving a partner surviving.

2. The uncertainty and generality of the description of the goods levied on, is no cause for sending the plaintiff out of court. If more particularity was wished, the sheriff might have been, and would have been compelled, by the court, to amend his return, by adding an inventory or schedule.

3. As the attachment was sued out before the passage of the act of 1837, some doubt may exist whether the levy of it on land, could have any effect. However this may be, it is certain that the levy on the personal estate is sufficient to sustain the attachment in court; and is a good execution of the process.

It is not perceived how the defendant could be precluded from replevying his goods, either, because this, was levied generally, with other attachments: or because lands as well as goods, were levied on. In both cases, the goods were replevied.

Let the judgment of the County Court be reversed, and the cause remanded for further proceedings.