## CONKLIN v. HARRIS.

1. In a suit commenced by attachment, where the defendant is a *non resident*, it is not necessary to state in the *affidavit* that the ordinary process of the law can not be served on him.
2. Objections to the sufficiency of the bond in an attachment, must be taken in the court below, that the party may have an opportunity to execute a sufficient bond.
3. Objection cannot be made in this court, that the plea was *non assumpsit* instead of *nil debet*.
4. The effects of a *non resident* partner may be attached, although there is one of the firm resident in the State.
5. An assignee may maintain an action of debt in his own name, without alledging a promise from the maker.

ERROR to the County Court of Perry.

This proceeding was commenced in the court below by the defendant in error, by original attachment, as endorsee of a note made by Conklin & Moore to White & Richards.

The affidavit recites that the defendant is a non-resident, but does not state that *the ordinary process of law cannot be served on the defendant.*

The bond is in the usual form, except that it omits to state against whom the attachment is sued out.

The plaintiff having declared in debt, the defendant appeared, by his attorney, and moved the court to quash the attachment; which the court refused, and thereupon the defendant pleaded,

1. *Non assumpsit*, and two special pleas.

2. *Actio non*, &c. because he says that at the time of suing out the attachment in this case, and from thence hitherto, John M. Moore, one of the co-partners of the firm of Conklin & Moore, the makers of the promissory note in the plaintiff's declaration mentioned, was and still is a resident citizen of the State of Alabama, to-wit, a citizen of the county of Talladega, and liable to the ordinary process of the law; and this defendant is ready to verify: wherefore, he prays judgment if the plaintiff ought to have or maintain his aforesaid action, &c.

The third plea is to the same effect.

Issue was taken on the first plea, and a demurrer filed to the second and third.

Hugh Davis, a garnishee, filed his answer, whereupon the court, on motion, ordered that the garnishee be restrained from paying over said money until the further order of the court.

The court overruled the demurrers to the second and third pleas, and the jury having found the issue on the first plea, for the plaintiff, judgment was rendered against the defendant.

Pending the trial a bill of exceptions was taken, from which it appears that the plaintiff offered in evidence, and read to the jury, a promissory note to the following effect:

*New-York*, 22 *Sept.* 1836.

Six months after date, we the subscribers, of Gainesville, Ala., promise to pay to the order of Messrs. White & Richards, one hundred and ninety-seven dollars eighty-one cents, at the Branch of the Bank of the State of Alabama, at Mobile, Alabama, value received.

CONKLIN & MOORE.

And also read the endorsements on the same, as set out in the plaintiff's declaration, which being all the evidence in the cause, the defendant moved the court to charge the jury, that the note, without further proof, was not sufficient to sustain the plaintiff's cause of action, but the court charged the reverse to be the law,

and that the note was sufficient to authorize a verdict without further proof. To which the plaintiff excepted.

The assignments of error are,

1. The refusal of the court to quash the attachment, for the insufficiency of the affidavit and bond.

2. The judgment was rendered on a verdict found on an immaterial issue.

3. The judgment on the demurrer to the special pleas.

4. That the declaration was defective, and was reached by the demurrer.

5. The matter of the bill of exceptions.

DAVIS, for plaintiff in error, cited Aik. Dig. 39 ; Minor's Rep. 196 ; 1 Porter, 15 ; 3 ib. 226 ; 8 ib. 445 ; 9 ib. 196, 446, 456, 493 ; 1 Ala. Rep. N. S., 129, 182.

ALEX. GRAHAM, *contra*, cited 6 Porter, 365 ; 1 Ala. N. S. 134, 235; 7 Porter, 483, 486 ; 9 ib. 320; 2 Ala. N. S. 326 ; 3 ib. 250; 1 ib. 592 ; 2 Stewart, 410 ; 3 ib. 480, 192 ; 6 Porter, 352 ; Minor, 252.

ORMOND, J.—If it were admitted that a writ of error can be prosecuted to a judgment of the court below, refusing to quash an attachment, we are of opinion there was no error in this case. The supposed error was the omission to state " that the ordinary process of law could not be served on the defendant. This is not necessary where the defendant is a *non resident.*

The objection to the bond is for the first time taken in this court, and although the bond is certainly defective, advantage could only be taken of it in the court below, as was held in Jackson v. Stanley, [2 Ala. 326,] where an opportunity would be afforded of substituting a perfect bond.

No objection can be taken in this court, because the issue was upon the plea of *non assumpsit* instead of *nil debet ;* it was an issue tendered by the plaintiff in error himself, and cannot now be objected to by him. It was, moreover, a substantial denial and traverse of the facts alleged in the declaration, the form of which was waived by the defendant in error taking issue upon it.

There was no error in the judgment of the court on the demurrers to the special pleas. The facts relied on in the pleas to bar

the action, are, that the makers of the note were partners, and that one of them was a resident of the State, and subject to the ordinary process of the law. A debt due from co-partners is the several debt of each, and each may be sued separately. The proceeding by attachment is merely a mode of compelling an appearance, and is to all intents a suit, as much so as if commenced by writ. This was expressly decided in Greene v. Pyne, [1 Ala. Rep. 235,] when it was held, that an attachment might be sued out against one of several partners, without joining the others.

In Winston v. Ewing, [1 Ala. 129,] it was held that a debt due the partnership could not be attached by process at law, to pay the *separate debt* of a partner; but that does not appear to be the case here, nor is such alleged to be the fact in the plea, but on the contrary, so far as we can judge from the answer of the garnishee and the form of the note, it is an attempt to subject the partnership property to the payment of a partnership debt.

We can see no reason for refusing the remedy by attachment, to a creditor, because one of the partners resides within the State, and may be sued in the ordinary mode. The statute expressly gives the right to sue each partner separately, and in fact makes the partnership debt the separate debt of each. It results necessarily from this that whenever the *affidavit*, which the statute requires to authorize the suit to be commenced by attachment, can be made, as either partner could be sued in the ordinary mode, so may either be sued by original attachment.

In addition to these objections, the pleas we have been commenting on should have been pleaded in abatement, as they do not deny the plaintiffs the right to recover the debt, but merely question the right to maintain an action in this particular mode.

It is supposed, however, that the declaration is defective, and that although the pleas may be bad, as the declaration is bad also, the demurrer will reach that defect. The supposed error in the declaration is, in not alledging a promise from the makers to pay the endorsers. This was not necessary in debt, as the statute gives the assignee the same rights against the maker as the payee would have had. [Aik. Dig. 330.] Certainly the payee could have maintained debt without alledging any promise to pay other than that contained in the note. Even if the action had been assumpsit, the objection could not have been reached by general demurrer, and special demurrers are abolished by statute.

It was not necessary for the plaintiff to prove any fact under the issue in this case, beyond the production of the note sued on, and the indorsements, to entitle him to recover. As the making of the note and indorsements were not denied by plea, they were proved by the note itself, under the influence of our statute.

Let the judgment be affirmed.