No. 88.—LEROY M. WILEY & Co. plaintiffs in error, *vs.* NATHAN-IEL SLEDGE.

[1.] An attachment, *ordinarily*, cannot issue for a partnership debt, against one of the partners, individually, and be levied on the partnership proper-ty, on the ground of the non-residence of the defendant in attachment. *Secus*, if the non-resident partner or partners were the only survivors of the firm.

Attachment, in Muscogee Superior Court. Decision by Judge ALEXANDER, May Term, 1850.

This was an attachment sued out by L. M. Wiley & Co. against Nathaniel Sledge, one of the partners of the firm of Birdsong & Sledge, on the ground that Sledge was actually removing beyond the limits of the State. There was a verdict for plaintiff and appeal. Defendant, by his counsel, then moved to quash the attachment on various grounds which were sustained by the Court and excepted to by plaintiffs.

The only ground relied on in the Supreme Court is, that an attachment will not lie against one partner for a partnership debt.

H. HOLT, for plaintiffs in error.

W. DOUGHERTY, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] The only question in this case is, whether, when one of the members of a firm, transacting business in Georgia, resides out of the State, an attachment will lie against him on a firm debt, to be levied on the partnership effects?

The case is not without its difficulties. We think, however, that the attachment will not, ordinarily, lie.

This summary remedy is allowed only against the *debtor* of the plaintiff in attachment. Here the *debtor* is the *firm* of Birdsong & Sledge, and not Nathaniel Sledge, individually. For this simple reason alone, it would seem that this proceeding could not be sus-tained. It is not authorized by the language of the law.

Partners must be sued jointly; and while there is no process

of *outlawry* in civil cases in Georgia, the return of *non est inventus* has, under the Act of 1820, (*Prince*, 445,) pretty much the same effect. Still, the action must be *joint.* An attachment is a suit. Why should the plaintiff be permitted, in this form of proceeding, more than by ordinary process, to go against one partner separately?

In Alabama, it has been decided that a *non-resident* partner may be attached, although there is one of the firm resident in the State. *Winston vs. Ewing*, 1 *Ala. Rep.* 129.    *Greene vs. Pyne, Ibid,* 235.    *Conklin vs. Harris,* 5 *Ala.* 213.    But these cases are put by the Court upon the attachment law of that State, which makes the debts of partners joint and *several,* allowing a remedy against either.    *Aikin's Digest,* 268.

The remedy by attachment is allowed in this State, because the ordinary process of law cannot be served on the debtor. If personal service can be effected, then the attachment cannot issue. Here, notwithstanding the non-residence of one of the firm, suit, under the Act of 1820, can be prosecuted to judgment against the partners who live in the State, and the judgment will bind the partnership effects, as well as the individual property of the partners who are served.

A debtor may fraudulently remove his property from the State, for the purpose of defeating his creditors, yet if he remain himself, an attachment will not lie; and why? Because a *ca. sa.* would coerce the surrender of the property thus eloigned.—— The same result could be obtained by ordinary suit against the resident partner.

The law may be defective in not providing for this case, as has been done in our sister State.    It is not for us to remedy the evil.

We do not hold that a state of things might not exist which would authorize an attachment against one or more *non-resident* members of a firm on a copartnership contract—as for instance, the death of the resident partner or partners.    Suffice it to say, that the record presents no such circumstances.

Judgment affirmed.