### CONNON *vs.* DUNLAP.

Where an attachment is sued out against one partner on a partnership account under §3276 of the Code, the declaration in attachment need not be against both partners, but only against him who is thus subject to summary process.

Attachment. Partnership. Before Judge SPEER. Bibb Superior Court. October Term, 1879.

To the report contained in the decision, it is only necessary to add the following :

Dunlap sued out an attachment against Connon, as a nonresident member of the firm of McGrath & Connon. His declaration in attachment was also against Connon alone, as a member of said firm. The account attached to the declaration was against the firm: Defendant moved to dismiss the declaration, to rule out evidence, and for a nonsuit, each motion being based on the non-joinder of McGrath in the suit. Each was overruled. The jury found for plaintiff. Defendant moved for a new trial. It was refused, and he excepted.

WASHINGTON DESSAU ; LANIER & ANDERSON, for plaintiff in error.

BLOUNT & HARDEMAN ; N. E. HARRIS, for defendant.

WARNER, Chief Justice.

This was an attachment sued out by the plaintiff against the defendant as one of the partners of the firm of McGrath & Connon (alleging that Connon resided out of the state) under the provisions of the 3276th section of the Code, and was levied upon the individual property of Connon. The only question made by the record in this case, is whether, as the attachment was founded upon a copartnership debt, the plaintiff should not be required in his declaration to declare against both partners jointly; inasmuch as the attachment is founded upon a joint contract. The plaintiff in error insists that the declaration should be against both partners jointly. The reply is that Connon, one of the partners, resides out of the state and the statute declares that in such cases the proceedings against copartners shall be in all respects as in other cases of attachment, except the attachment shall be levied only upon the separate property of such copartner, which was done in this case. The only difficulty in the way of the legal theory of the plaintiff in error is the statute embraced in the 3276th section of the Code, providing for just such cases as the one in the record before us. The mandate of a statute is like that of a tyrant; it speaks to be obeyed.

Let the judgment of the court below be affirmed.