## WHITFIELD v. HOVEY.

1. The interest of a non-resident partner in the partnership property having been attached, a motion to dissolve the attachment, based upon the papers in the cause and upon affidavits showing that the absent partner had no other property in this State, sufficiently disclosed the grounds of the motion.
2. The interest of a non-resident partner in partnership property cannot be attached for a partnership debt, where one of the partners resides in this State and is duly served.

Before NORTON, J., Greenville, May, 1888.

This was an action by Whitfield, Powers & Co. against Hovey and Townes, the latter of whom resided in this State and was duly served. Attachment was issued against the interest of Hovey, the non-resident partner, who in December, 1887, moved to vacate this attachment. The notice of motion was as follows:

"Please take notice that we have been retained by, and appear for, the defendant, Marius M. Hovey, in the above case, for the purpose of moving to vacate the attachment issued herein, and the order directing a sale of the attached property, and that such motion will be made by us before Hon. J. J. Norton, at Walhalla, on the 26th day of December instant, at twelve o'clock m., or as soon thereafter on said day as counsel can be heard, and will be made upon the affidavits, of which copies are herewith served upon you, and the papers upon which the said attachment was issued, copies of which papers you are hereby requested to serve upon us at once and the attachment itself."

Other matters are stated in the opinion of this court.

*Messrs. Westmoreland & Haynsworth,* for appellants.

*Messrs. Stokes & Bellinger,* contra.

February 9, 1889. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The defendants, doing business in Greenville, were sued on three promissory notes given in their business. Townes was a resident of Greenville, but Hovey at the time of 'the summons in the action was and still is a non-

resident of this State. At the time of the filing of the summons and complaint, upon affidavit that Hovey was a non-resident, the plaintiffs procured an attachment against the half interest of Hovey in the stock of merchandise of Hovey & Townes, which was levied upon and sold by the sheriff. Shortly thereafter, the defendant, Hovey, gave notice (with an affidavit of John R. Bellinger, his attorney, in which it was stated that defendant, Hovey, owned no property in this State except his interest in the partnership of Hovey & Townes, and also that said partnership was insolvent), that upon said affidavit and the papers upon which the attachment had been issued, with another affidavit served, he would move to vacate the said attachment.

Upon the hearing of this motion his honor, Judge Norton, set aside the said attachment, holding "that partnership effects could not be seized under attachment for a partnership debt, on account of the non-residence of one partner, the other partner residing in the State"—citing 16 Johns., 102. The plaintiffs appealed upon exceptions : 1. Because his honor erred in holding that the interest of a non-resident partner of a firm cannot be attached for a partnership debt. 2. Because his honor erred in holding that the affidavits and the notice of the defendant, M. M. Hovey, were sufficient. 3. Because his honor erred in holding that in this case it was not necessary for the defendant, Hovey, to set out in his notice of motion the grounds upon which the motion was based.

The questions raised in this appeal are, first, whether the defendant's notice to vacate the attachment was sufficiently definite and in the required form ; second, whether in an action upon a partnership debt, the partners being sued, the interest of a non resident partner in said partnership can be attached. The Circuit Judge held with the defendant on both these questions.

The appellant urges that in a motion to vacate an attachment, the grounds of the motion must be stated in the notice. Admitting, for this case, that the proposition contended for is a correct one, yet we think that the respondent substantially complied therewith. True, he did not use the terms "on the grounds," but the statement in the notice that the motion would be made upon the affidavits served with the notice, and the papers upon which the attachment was issued, sufficiently presented the

grounds intended to be relied on. It appeared from the affidavits served and from the papers of the plaintiffs, that the defendant was sued on a partnership debt with his copartner, Townes; that he owned no property in the State except an interest in the partnership effects, and that this interest had been attached, and notice was given that upon these papers a motion would be made to vacate said attachment—certainly upon the ground (though not stated in exact terms), that the interest of the non-resident copartner in the partnership effects could not legally be the subject of an attachment in such an action. We think, as we have said, that this sufficiently appeared in the notice, and that his honor did not err in so holding.

Next. Did his honor err in holding that Hovey's interest in the partnership effects could not be attached? Our Code, section 248, provides that an attachment may issue against a non-resident defendant under certain circumstances, and his property seized thereunder, as a security for the satisfaction of such judgment as the plaintiff may recover. This is doubtless because, the defendant being a non-resident, the court cannot obtain jurisdiction of the person of the defendant, and his creditor would be without remedy unless jurisdiction could be acquired over his property in some way. Hence the attachment. It would seem, therefore, that where jurisdiction may be acquired without an attachment, the reason of the rule ceasing, the rule itself would not exist. Now, under the Code, section 157, it is provided that where one joint debtor is served, judgment may be entered against all the defendants jointly indebted, to be enforced out of the joint property of all. In a case like the one before the court, therefore, there would be no necessity for the creditor to procure an attachment, nor would it, if procured, give him any higher security than the judgment obtained upon his action.

There seems to be some conflict upon this question in the different States. The explanation of this, however, as it appears to us, is found in *Drake on Attachments*, section 66, where he says: "In connection with the non-residence of one member of a firm, the question arises whether, on a firm debt, an attachment against him may be levied on the partnership effects. This depends upon whether, in the State in which the firm exists, a joint

liability is declared by statute to be joint and several; if so, the non-resident partner may be sued by attachment, and the attachment may be levied on partnership effects. *Green* v. *Paye*, 1 Ala., 235; *Conklin* v. *Harris*, 5 *Ibid.*, 213. But if the rule of the common law, that partners must be sued jointly, be unaltered, it cannot"—citing *Wiley* v. *Sledge*, 8 Ga., 532. In our State the rule of the common law prevails. A partnership debt is a joint debt, and not joint and several, and the action must be joint; and, as we have said above, under the code, where one of the joint debtors is served, judgment may be obtained against all the joint debtors, in so far as the joint property is concerned. An attachment could only reach the property of the non-resident attached, and if service of summons upon one of the joint debtors with judgment obtained, would also reach the partnership property, whether the non-resident was served or not, in such case there could be no necessity for the stringent proceeding by attachment.

In the cases of *Schatzill & Co.* v. *Bolton* (4 McCord, 480), and *Knox* v. *Schepler* (2 Hill, 595), the debt was the individual debt of one of the copartners, and it was properly held that his interest in the partnership property might be attached. There was no other way of reaching it. The note sued on was not a joint or copartnership debt, and therefore service on the other copartner was not sufficient to allow judgment against defendant so as to reach his interest in the partnership effects. In the case of the *Bank of the United States* v. *Broadfoot & McNiell* (4 McCord, 30), it was held, "that where one of several partners is resident here or within the jurisdiction of the court, the absent copartner cannot be made a party defendant in a process against the firm by attachment, either directed against his private property or the property of the firm, and that the only mode of making him a party is by serving the usual process on the resident partner in the manner prescribed by the act of 1792, 2 Brev., 171." Now, under the code, a non-resident partner may be made a party by service of process upon the resident partner, to the extent at least of the partnership assets.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.