### BOOZER v. FULLER.

Where in a justice's court the presiding justice gives judgment against a garnishee as in case of default, because of his failure to respond to a notice to produce books and papers, the garnishee is entitled to appeal to a jury in the same court.

February 1, 1892.                               Judgment affirmed.

Justice's court. Appeal. Garnishment. Before Judge HARRIS. Carroll superior court. April term, 1891.

In 1889 Fuller was served with a summons of garnishment in the case of Boozer against Trammell, judgment in a justice's court. Fuller filed an answer denying indebtedness, etc. The answer was traversed, it being alleged that Trammell was a cropper or tenant on Fuller's farm, and that Fuller, as landlord, had Trammell's entire crops for the year 1889 in his possession at the date of service of the summons of garnishment, or owed Trammell for them, which crops were worth more than the amount of Trammell's indebtedness to Fuller. Notice of this traverse was given to Fuller, and he was also served with a notice to produce his contract with Trammell and his books of original entries in

which he kept his accounts against Trammell, and also all notes, memoranda, warehouse receipts, cotton bills, and all other papers and books in any way relating to the dealings between Fuller and Trammell for or during the year 1889, for the purpose of being used by Boozer as evidence on the trial of the issue made by the answer and traverse. When the case was called for the purpose of trying the issue, Fuller made no response to the notice to produce, showed no cause why he did not do so, and after calling did not come into court; and after plaintiff Boozer had complied with the law with reference to notice to produce books, papers, etc., the justice of the peace, on motion of plaintiff, rendered judgment against Fuller as required by law. Afterwards Fuller entered an appeal from this judgment to a jury in the justice's court. This appeal was dismissed upon motion made by Boozer, upon the ground that the judgment was rendered against Fuller because he was in default and did not make any response to the notice to produce. The cause was taken by *certiorari* to the superior court, and the *certiorari* was sustained, to which decision Boozer excepted.

W. C. Hodnett, for plaintiff, cited Code, §§3510, 3513, 4161, 4067; Cobb's Dig. 529; 46 *Ga.* 41; 53 *Ga.* 569; 64 *Ga.* 680; 65 *Ga.* 556; 69 *Ga.* 745, 841; 70 *Ga.* 723; 72 *Ga.* 184, 206; 78 *Ga.* 707.

No appearance *contra.*