MORGAN AND AUSTIN v. D. W. ALDERMAN & SONS' CO.

1. PARTNERSHIP—ATTACHMENT—NON-RESIDENT PARTNER—LIEN.—The rule that service on a non-resident partner of attachment cannot bind partnership property where resident partner is served, does not apply here because the funds attached are not strictly partnership assets.

2. LIEN—MECHANICS.—Under mechanic's lien statute material men have no lien on funds due contractor for houses into which their material has gone, while such funds are in possession of the owner or of the sheriff under attachment from the owner.

Before KLUGH, J., Greenville, April, 1904.    Reversed.

Action by Morgan & Austin against D. W. Alderman & Sons Co.    From judgment for plaintiffs, defendants appeal.

*Mr. Wm. G. Sirrine,* for appellant, cites: *No one but defendant could move to dissolve attachment:* 17 S. C., 116; 37 S. C., 233; Code of Proc., 265.

*Mr. B. A. Morgan,* contra, cites: *Respondent can make point that appellant acquired no lien by attachment:* 24 S. C., 404; 35 S. C., 95; 30 S. C., 117; 17 S. C., 123.

February 16, 1905.    The opinion of the Court was delivered by

MR. JUSTICE JONES.    This is a controversy between plaintiffs and defendants as to which of them have prior lien on certain money now in the hands of the sheriff of Greenville County.    This money was received by the sheriff under a warrant of attachment in the case of D. W. Alderman & Sons Co. *v.* J. P. Clark and J. R. Bennyfield, partners as Clark & Bennyfield, which warrant was issued against the real and personal property of J. P. Clark, on the ground that he was a non-resident, having left the State to defraud his creditors; and, in the warrant, the sheriff was specially di-

rected to attach the debt due by W. H. Revis. Clark & Bennyfield were builders and contractors, and on August 1st, 1903, entered into a contract with W. H. Revis for the erection of a cottage for $465, and in that contract was a stipulation that "All payments for same be made to J. P. Clark, he being responsible for all material and labor in the same." The balance due upon this contract at the time of the service of the attachment on Revis was $255, and this sum was paid into the hands of the sheriff by Revis, and is the fund in controversy.

The suit in that case was for the price of building material sold by D. W. Alderman & Sons Co. to Clark & Bennyfield, which was used by them in carrying on their business as contractors, but only about $10 worth of said material was used in the Revis building. Bennyfield, a resident of this State, was personally served with summons and complaint in that action, and Clark was served by publication. Judgment by default was rendered therein against Clark & Bennyfield, November 23d, 1903, for about $400. The fund in the sheriff's hands is the only source of payment.

Upon the foregoing facts, the defendant, D. W. Alderman & Sons Co., claim first lien on the fund under the laws governing attachments and judgments.

The plaintiffs, Morgan & Austin, between August 25th and September 8th, 1903, sold to Clark & Bennyfield builder's material to the amount of $148.83, which material was actually used in the construction of the Revis building. The present action was brought (date not given) to recover judgment against Clark & Bennyfield on this claim, and against D. W. Alderman & Sons Co. to have it declared that they have no lien on said fund, but that plaintiffs have a prior lien thereon, under the act approved March 2d, 1896, 22 Stat., 198, entitled "An act to require contractors in the erection, alteration or repairing of buildings to pay laborers, subcontractors and material men for their services and material furnished." This act, with other matters, provides: "It

shall be the duty of any contractor or contractors, in the erection, alteration or repairing of buildings in the State of South Carolina, to pay all laborers, subcontractors and material men for their lawful services and materials furnished out of the money received for the erection, alteration or repairs of buildings upon which said laborers, subcontractors and material men are employed or interested, and said laborers, as well as subcontractors and persons who have furnished material for said buildings, shall have a first lien on the money received by said contractor or contractors for the erection, alteration or repair of said buildings in proportion to the amount of their respective claims. That nothing herein contained shall make the owner of the building responsible in any way: *Provided, further,* That nothing contained in this section shall be construed to prevent any contractor or contractors or subcontractors from borrowing money on such contract." The statute then proceeds to make it a misdemeanor to fail to pay as required above, and to provide a penalty.

The Circuit Court, confirming the master's report, adjudged: (1) That Alderman & Sons Co. have no lien by reason of their attachment, having personally served J. R. Bennyfield, one of the partners of Clark & Bennyfield. This view was based upon *Whitfield* v. *Hovey,* 30 S. C., 117, 8 S. E., 840. (2) That plaintiffs have a prior lien under said act of 1896. The exceptions question these conclusions.

(1) In the case of *Whitfield* v. *Hovey,* on the motion of the non-resident, Hovey, to vacate the attachment in said cause, the Court held that the interest in the non-resident partner in partnership property cannot be attached for a partnership debt, where one of the partners resides in this State, and is duly served. This decision, however, is based upon the reason that the property attached is strictly partnership property, and can be fully reached by service of summons upon the resident partner, the Court saying: "An attachment could only reach the

property of the non-resident attached, and if service of summons upon one of the joint debtors, with judgment obtained, would also reach the partnership property, whether the non-resident was served or not, in such case there could be no necessity for the stringent proceedings by attachment." In the present case, if the property attached should be deemed originally partnership property, nevertheless, under the contract with Revis above referred to, the money is payable only to the non-resident, J. P. Clark, who was responsible for all material and labor in said building. We do not well see how Clark's interest in this money could be deemed the interest of a partner merely, or how it could be reached, except by attachment, or personal service on Clark within the State. Therefore, *Whitfield* v. *Hovey* does not control in this case, because of the peculiar facts stated. This money having been secured by the attachment, was properly applicable to the judgment obtained against Clark & Bennyfield, unless some prior lien defeats such application.

(2) Conceding, for the purpose of this case, that the act of 1896 gives to material men a lien enforceable in a civil action, we do not think plaintiffs have established any lien upon the money in question. By the terms of the act, no lien can exist until the contractor *has received* the money. The statute creating such lien must be strictly construed. The lien is not given upon the money in the hands of the owner, which the contractor is entitled to receive, for the owner is expressly exempt from any responsibility whatever, but the lien is upon the money in the hands of the contractor. This condition has not arisen in this case, as the money has never been in the hands of the contractor, but was received from Revis by sheriff by virtue of the attachment.

Having no lien upon the money in the hands of the sheriff, plaintiffs have no status with respect to the money realized by the attachment, and now applicable to defendant's judgment.

30—70

The judgment of the Circuit Court is reversed, and the complaint dismissed, in so far as it affects the fund in the hands of the sheriff.