### 20257.  CLARK v. MADDOX.

JENKINS, P. J. "In cases of joint contractors and copartners, where any one of them shall render himself liable to attachment according to law, an attachment may issue against him, upon the plaintiff, his agent, or attorney at law complying with the previous provisions of this Code

in relation to the issuing of attachments; and the proceedings against such joint contractors or copartners shall be in all respects as in other cases of attachments, except that such attachment shall be levied only upon the separate property of such joint contractor or copartner." Civil Code (1910), § 5067. Thus, while it is the general rule that parties to a joint obligation must all be made parties to a suit on the obligation if within the jurisdiction of the court (*Almand* v. *Hathcock*, 140 *Ga.* 26 (3), 79 S. E. 345; *Scarborough* v. *Yarborough*, 13 *Ga. App.* 792, 79 S. E. 1131), and the failure to join all such joint obligors within the jurisdiction of the court is ground for abatement (*Booher* v. *Worrill*, 43 *Ga.* 587; *Graham* v. *Marks*, 95 *Ga.* 38, 21 S. E. 986; *Rogers* v. *Burr*, 105 *Ga.* 432, 449, 31 S. E. 438, 70 Am. St. R. 50; *Lippincott* v. *Behre*, 122 *Ga.* 543, 546, 50 S. E. 467), an exception to the general rule is made by the code section quoted in favor of the holder of a joint obligation, where one of the joint obligors renders himself liable to attachment. In such case the plaintiff may proceed by attachment against the joint obligor who is liable to attachment, without making the other joint obligors parties to his declaration in attachment. *Connon* v. *Dunlap*, 64 *Ga.* 680. The prior contrary decision of the Supreme Court in *Wiley* v. *Sledge*, 8 *Ga.* 532, was rendered before the passage of the act of March 4, 1856 (Acts 1855-56, p. 31), now embodied in the code section quoted. Accordingly, whether or not the obligation which formed the basis of the attachment in the instant case was a joint obligation, such as would require the joining of all of the obligors thereunder in a suit at law to enforce the obligation, the plaintiff was entitled to proceed by attachment against the defendant who had rendered herself liable to that process; and the court erred in overruling the demurrer to her plea in abatement on such ground, and in thereafter, on the hearing, sustaining the plea in abatement.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED SEPTEMBER 8, 1930.

*Lowrey Stone,* for plaintiff. *A. H. Gray,* for defendant.