## ALABAMA & TENNESSEE RIVER RAILROAD COMPANY *vs.* HARRIS.

1. A suit commenced by a corporation, without first giving security for the costs, as required by section 2398 of the Code, will be dismissed on motion.

2. A proceeding by notice and motion, on the part of a railroad company, against a delinquent stockholder, is a suit within the meaning of section 2398 of the Code; and security for the costs must be given when the notice is placed in the hands of the sheriff to be served.

APPEAL from the Circuit Court of Benton.
Tried before the Hon. A. B. MOORE.

THE appellant issued a notice against the appellee, Warren Harris, as a delinquent stockholder, under the act of 1847 (Pamphlet Acts 1847–8, p. 268). At the trial term of the notice and motion, the defendant therein moved to dismiss the

proceeding because security for the costs had not been given before the commencement of the suit; and the plaintiff also moved to be allowed to give security at that time, and to let it be given and entered *nunc pro tunc.* All these motions being heard together by consent, it was shown that, on the first day of the term, before the case was regularly called, the defendant's attorney orally moved to dismiss the case for want of security, but the court refused to hear the motion at that time; that afterwards, but before the case was regularly reached on the docket, and before the entry on the docket of the motion to dismiss, the plaintiff filed with the clerk, in open court, good and sufficient security for the costs, which was approved by him. On this evidence, the court refused to allow the security to be given, and dismissed the case; to which the plaintiff excepted, and which is now assigned for error.

JAMES B. MARTIN, for the appellant:

No intelligible distinction can be drawn between the provision of the Code (§ 2398) under which this motion was made, and the old statute upon the same subject (Clay's Dig. p. 316, § 26); and the latter has received a settled construction by this court adverse to the ruling of the court below.— Lyons v. Long, 6 Ala. 103 ; Reese v. Billing, 9 *ib.* 263 ; Whitaker v. Sandford, 13 *ib.* 522. The very slight difference in the phraseology of the two statutes does not imply a legislative intention to change the old law; such an intention must be evidenced by the plainest and most unequivocal language.—Brown v. Brown, 21 Wend. 315 ; Gaffney v. Colville, 6 Hill 574.

Every statute ought to receive such a construction as will effectuate the object for which it was passed. A thing may be within the letter of a statute, and yet not within the statute, because not within its intended object.—Bacon's Abr., vol. 9, p. 246–8 ; 15 Johns. 358 ; 3 Cowen's R. 89; 16 Mass. 318 ; 4 Cushing's R. 314 ; 22 Ala. 621. The intention, and the sole intention, of the adoption of this statute, was to provide for the certain payment of the costs which might accrue; and this intention, instead of being promoted, is defeated by the construction put upon it by the court below.

The construction now contended for, is sanctioned and sus-

tained by every analogy of the law, as drawn by our own court: appeal cases from justices, claim suits under the statute, and attachments, have received the same liberal construction.—Clay's Digest, p. 314, § 9 ; Henderson v. Plumb, 18 Ala. 74 ; Appleton v. Turrentine, 19 *ib.* 706 ; Carter v. Prichard, 11 *ib.* 673 ; Clay's Digest, p. 211, § 52 ; Bradford v. Dawson, 2 Ala. 203 ; 19 *ib.* 706 ; Clay's Digest, p. 54, § 3 ; 7 Porter 486 ; 9 *ib.* 324 ; 11 Ala. 674 ; Reav. Dig. 98, § 45. And there is no difference, so far as the plaintiff's rights are concerned, between an imperfect or defective bond and one which is void, and therefore no bond.—Henderson v. Plumb, *supra;* Jackson v. Stanley, 2 Ala. 326. All these decisions go upon the same great principle—that the intention of the framers must be the guide in the construction of statutes.

This precise question has been passed upon by the courts of several other States, where similar statutes have received the construction for which the appellant now contends, thus most conclusively vindicating its correctness.—Cox v. Hunt, 1 Blackf. 146 ; Harlow v. Beckle, 1 *ib.* 215 ; Parks v. Goodwin, 1 Doug. (Mich.) 56 ; Bank of Michigan v. Jessup, 19 Wend. 10 ; 4 Blackf. 9. Whenever a statute has received a construction by respectable courts of other States, which is not inconsistent with the spirit and policy of our law, such construction may well be adopted.—13 Ill. 15.

But, if a different construction should be adopted here, then, it is insisted, the statute has no application to this case. This proceeding, by notice and motion, is not a suit within the sense of this section of the Code, and this court will not be liberal in extending it by construction to cases where it is evident that injustice will be done. This motion is only allowed between members of the corporation ; both parties are alike interested in the money sued for, as well as the costs. Again ; the security for costs is required to be lodged with the clerk in the cases to which the statute applies, because the process issues from his office ; while here, the clerk could not describe the parties, nor the process, nor fix with reason the amount of the bond, when he does not see the notice until after it has been issued, served, and returned into court.

Jno. T. Morgan and Wm. B. Martin, *contra.*

GOLDTHWAITE, J.—By section 2398 of the Code, corporations were required, before commencing suits, to give security for the costs, to be lodged with the clerk; and on the failure so to do, it was made the duty of the court, on motion of the defendant, to dismiss the cause. Under the old law, non-residents were required to give security for the costs within sixty days after notice; and we are aware, that under the construction placed upon that statute by this court, the requisition might be complied with at any time before the case was called for trial at the term succeeding the notice.—Lyons v. Long, 6 Ala. 103; Reese v. Billing, 9 Ala. 263; Whitaker v. Sandford, 13 *ib.* 522. If the same language had been used, we might have felt ourselves bound to follow these decisions; but this is not the case. The Legislature, with the knowledge, as we must presume, of the construction which had been placed on the statute referred to, thought proper to require that, in suits brought by corporations, the security should be lodged with the clerk before the commencement of the action. The act speaks as clearly as language can speak, and declares that the suit must be dismissed if that is not done; and when the Legislature have said that this shall be done before suit, upon what principle is it that courts would be authorized to say that it might be done after the commencement of the action? Such a course would savor more of legislation than of judicial interpretation. It is better, in all such cases, to stand upon the plain words of the statute.

It is urged for the appellant, that this proceeding is not a suit within the meaning of the law. The object was, to provide effectually for all costs; and suits in which judgment is obtained on notice and motion, are as much within the intention of the law, as those commenced in the usual mode: every reason which exists as to the one, applies with the same force to the other. By the charter of the Alabama and Tennessee River Railroad Company, the notice is required to be served by the sheriff, (Acts 1847–8, 268); and regarding it as a substitute for the summons, we must hold the suit as commenced, so far as to require security for the costs, when the notice is placed in the hands of the sheriff to serve.

Judgment affirmed.