## Ex Parte ROBBINS.

| 29 | 71 |
| 114 | 672 |
| 29 | 71 |
| 120 | 122 |

[APPLICATION FOR MANDAMUS TO COMPEL DISMISSAL OF SUIT BROUGHT BY NON-RESIDENT WITHOUT GIVING SECURITY FOR COSTS.]

1. *Security for costs must be given in suit commenced by attachment.*—A suit commenced by attachment, by a non-resident, is within the statute (Code, § 2396) which requires security for the costs to " be endorsed on the complaint, or lodged with the clerk, previous to the issue of the summons."

2. *When motion to dismiss for want of security may be made.*—A motion to dismiss such a suit, on account of the failure to give security for the costs, may be made at any time before a plea is filed, or judgment rendered.

3. *How security may be given in attachment cases.*—If the plaintiff, in such case, wishes to sue out his attachment before some other officer than the clerk of the court to which it is returnable, he may annex his complaint to the attachment, and procure security for the costs to be endorsed on the complaint before the issue of the writ.

4. *Mandamus lies to compel dismissal.*—If the circuit court refuses, on motion, to dismiss a suit brought by a non-resident without first giving security for the costs, *mandamus* lies to compel its dismissal.

APPLICATION for a *mandamus* to the Circuit Court of Cherokee, Hon. JOHN E. MOORE presiding, to compel the dismissal of a suit brought by Cunningham & Linton against Samuel W. Robbins. The transcript of the proceedings in the primary court, which is made an exhibit to the application, shows, that the suit was commenced by original attachment; that the cause was continued at the return term of the writ; that the defendant moved the court, at the next succeeding term, to dismiss the suit on account of the plaintiffs' failure to give security for the costs, and, in support of his motion, proved the non-residence of the plaintiffs, and their failure to give security for the costs; and that the court overruled the motion, and the defendant excepted.

M. J. TURNLEY, for the motion.—1. The statute (Code, § 2396) requires security for the costs, "in all actions commenced by, or for the use of a non-resident;" and gives (§ 2399) a summary judgment against the surety, in the event of the plaintiff's failing in his suit. It is not, in terms, limited to suits commenced by summons and complaint; and suits commenced by attachment are certainly within its terms, spirit, and intention. If there were any doubt as to its construction, it should be so construed as to embrace all cases within the mischief intended to be remedied.—Favers v. Glass, 22 Ala. 621. The construction placed on the former statute, and on section 2398 of the Code, sustains this view.—Ala. & Tenn. Railroad Co. v. Harris, 25 Ala. 232; Smith, Bright & Jones v. Hobson, 11 Ala. 434.

2. The attachment bond cannot be held sufficient security for the costs, for its condition (Code, § 2507) limits the surety's liability to damages only.

3. That *mandamus* is the proper remedy to compel the dismissal of the suit, after the refusal of the primary court to dismiss it on motion, see Code, §§ 568, 2396; *Ex parte* Lowe, 20 Ala. 330; Brennan v. Harris, 20 Ala. 185; Shadden v. Sterling, 23 Ala. 518; *Ex parte* King, 27 Ala. 387; *Ex parte* Cole, 28 Ala.

D. W. BAINE, *contra.*—1. *Mandamus* does not lie to compel the dismissal of a suit for want of security for costs.—*Ex parte* City Council of Montgomery, 24 Ala. 98 ; *Ex parte* Rowland, 26 Ala. 133.

2. The motion to dismiss the suit should have been made at the first term, and came too late at the second term.—Carpenter v. Aldrich, 3 Metc. 58 ; Trustees v. Walters, 12 Ill. 158 ; 13 *ib.* 344 ; 2 Ark. 109 ; 1 *ib.* 248 ; Jordan v. Hazard, 12 Ala.

3. The motion should have been verified by affidavit.— Hardwick v. Campbell, 2 Eng. 120 ; Cox v. Garvin, 1 *ib.* 431.

4. The statute does not apply to suits commenced by attachment. The bond is sufficient security.


RICE, C. J.—In the Ala. & Tenn. R. R. Co. v. Harris, 25 Ala. R. 232, it appeared that the appellant had issued *a notice* against the appellee, as a delinquent stockholder, under the act of 1847, (Pamph. Acts, 1847–8, p. 268 ); that at the trial term of the notice and motion, the defendant therein moved to dismiss the proceeding, because security for the costs had not been given before the issue of the notice ; that the plaintiff at the same time moved to be allowed to give security at that time, and to let it be given and entered *nunc pro tunc ;* that all these motions were heard together ; and that the court below refused to allow the security to be given, and dismissed the case. The plaintiff appealed to this court, and here argued, that *the proceeding was not a suit, within the meaning of the statute which requires security for costs to be given before its commencement.* This court overruled that argument, affirmed the judgment of the court below, and employed the following broad expressions : " The object [of the law requiring security for costs] was, to provide effectually for *all costs;* and suits in which judgment is obtained *on notice and motion,* are as much *within the intention of the law,* as those commenced *in the usual mode ;* every reason which exists as to the one, applies with the same force to the other."

Without repudiating, or disregarding, that decision and those expressions, it is impossible to hold, that a suit in the name of a non-resident, commenced by *attachment,* is not within the intention of the law which requires security for costs,

6

to be given by non-residents before commencing suits. Under the influence of that decision, we hold, that the general rule established by section 2396 of the Code, is, that all actions commenced in a court of law, in the name and for the use of a non-resident, without security for costs, must be dismissed, on motion made at any time before a plea is filed or judgment rendered; but that no suit falls within that general rule, in which security for the costs has been either endorsed on the complaint, or lodged with the clerk, before the issue of the leading process in the suit. This construction best answers the intention of the makers of the Code.—See Bacon's Abr. (edition of 1846), vol. 9, 246–250.

The efficiency of the remedy by attachment is not destroyed by the sections of the Code as above construed. A non-resident, who wishes to sue out an attachment before some other officer than the clerk of the court to which he, wishes it made returnable, can easily annex his complaint to the attachment, and procure security for the costs to be endorsed on the complaint before the issue of the attachment. When he does this, his suit cannot be dismissed on motion, for want of security for costs. The law requires him either to do this, or to lodge security for the costs with the clerk, before he commences his suit by attachment.

We are aware, that the case of the Ala. & Tenn. R. R. Co. v. Harris, *supra*, was decided upon section 2398 of the Code. But there is no ground for holding, that the construction given in that case to that section, and the reasons therein assigned for that construction, are not applicable to cases arising under section 2396 ; to this extent at least, that the requisition for security for costs, contained in each of those sections, is *not confined to suits commenced by summons and complaint*.

Believing the law to be as above laid down, we must grant the application for a rule to the judge of the circuit court of Cherokee county, to show cause why a peremptory *mandamus* should not issue to him, requiring him to dismiss this case out of that court.—*Ex parte* Cole, 28 Ala. Rep.

Let the rule issue accordingly.