# Ex Parte MORGAN.

[APPLICATION FOR MANDAMUS TO COMPEL DISMISSAL OF SUIT FOR WANT OF SECURITY FOR COSTS.]

1. *Sufficiency of bond for costs.*—In a suit commenced by a corporation, a bond for costs, in the penal sum of two hundred dollars, conditioned for the payment of such costs "as may be adjudged against the plaintiff," is not a compliance with the requisitions of the statute. Code, § 2398.
2. *Mandamus lies where security for costs is erroneously held sufficient.*—On motion to dismiss a suit, instituted by a corporation, for want of security for costs, if the circuit court erroneously holds the security sufficient, *mandamus* lies upon its decision.
3. *Practice in case of insufficient security.*—Whether, in case such plaintiff gives insufficient or defective security for costs, his suit should be dismissed, or he should be allowed to substitute new security, *quære?* (RICE, C. J., and STONE, J., differing in opinion; WALKER, J., not sitting.)

APPLICATION for a *mandamus* to the circuit court of Talladega, Hon. E. W. PETTUS presiding, to compel the dismissal of a suit instituted by the "Montgomery Iron Works," a domestic corporation, against the petitioner, without first giving security for the costs, as required by section 2398 of the Code. The circuit court refused to dismiss the suit, on motion, because it appeared that

the plaintiff had lodged with the clerk, as security for the costs, a bond in the penal sum of two hundred dollars, conditioned for the payment of such costs "as may be adjudged against the plaintiff"; and this application is predicated on its decision.

MORGAN & MARTIN, and W. P. CHILTON, for the motion.
WHITE & PARSONS, and JOHN WHITE, contra.

STONE, J.—The bond for costs in this case is defective, and should have been so held by the presiding judge. The defect is two-fold—first, in limiting the liability to the sum of two hundred dollars, when the costs may transscend that amount; second, in securing only such costs as "may be adjudged against the plaintiff," instead of the costs, as provided by the Code, § 2398.

The rule to show cause why a mandamus shall not issue must be awarded.—Ex parte Cole, 28 Ala. 50 ; Ex parte Robbins, 29 Ala. 71.

Chief-Justice Rice and myself are not able to agree on the measure of relief to which the relator is entitled. He thinks that, when the security given before suit does not substantially comply with the requirements of the statute, the suit must in all cases be dismissed absolutely, on motion of the defendant. In support of his views, he cites Ala. & Tenn. Rivers Railroad Co. v. Harris, 25 Ala. 232; Ex parte Robbins, 29 Ala. 71 ; Sheppard & Gordon v. Spriggs, at the present term.

I agree with him, that when a non-resident plaintiff, or a corporation, commences suit without giving security for the costs, either formal or informal, we have no discretion but to enforce the plain letter of the statute. In such case, the party has commenced suit without giving security for costs, and we have no right to declare it inoperative.—Code, §§ 2396-8. When, however, security for costs has been given, although imperfect, it cannot be said that the plaintiff has failed to give security, and hence the case is not within the provisions of the mandate of the law, which declares that such suit must be dismissed.

I think it may be safely asserted, that our judicial policy

has uniformly been, while proceedings are *in fieri*, not to regard accidental errors and omissions, which the party is able and willing to correct, as fatal to his suit. I am not willing to believe that the legislature, in adopting the Code, intended to overturn the liberal conservatism in regard to amendments, which had theretofore prevailed. On the contrary, in many respects, they provided remedies for imperfections which had before been adjudged fatal. While I bow submissively to the expressed will of the legislature, I cannot obtain my consent to enlarge the dominion of technicality by implication, and thus defeat or obstruct the speedy administration of the law.

Under the law as it existed before the Code, plaintiffs in attachment were required to give bonds, with certain conditions; and the statute expressly declared, that every attachment issued without bond * * as aforesaid, should be abated on the plea of the defendant.—Clay's Digest, 54–5, § 3. Language more explicit and mandatory than this, cannot well be conceived. Yet it was early settled, and uniformly held, that when the plaintiff's bond was defective, he should be permitted in the court below to substitute a new and legal bond.—Conklin v. Harris, 5 Ala. 213; Fleming v. Burge, 6 Ala. 373; Burt v. Parish, 9 Ala. 211; Lowry v. Stowe, 7 Porter, 483; Jones v. Pope, 6 Ala. 154; Pearson v. Gayle, 11 Ala. 278.

So, on appeals from judgments of justices of the peace, the rule was the same.—Jenkins v. Cauley, 1 Stew. 61; Carter v. Pickard, 11 Ala. 673.

My own opinion is, that when the judge below declares the bond insufficient, it is his duty to allow the plaintiff to substitute a new and sufficient one; and on his failure to do so, to dismiss the cause. The difference between this case and Sheppard & Gordon v. Spriggs, at the present term, is, that in that case no attempt had been made to give the security for costs which the statute requires. There was, therefore, in that case, nothing to amend.

It is not my purpose to declare that the same practice should prevail in appeals to this court. Obvious reasons exist, to require a different rule. The officer granting the

appeal is not a ministerial officer of this court, and hence he is not directly under our control.

The result of this difference of opinion between the chief-justice and myself, is, that no direction is given to the judge of the primary court, on the question whether he shall accept a new and sufficient bond for costs, provided the same is tendered. We agree that the present bond is insufficient, and direct the primary court to show cause why it should not be so declared.

WALKER, J., not sitting.