## WEEKS *vs.* NAPIER.

[GARNISHMENT ON JUDGMENT.]

1. *Waiver of security for costs.*—If a garnishee answers, joins in the issue contesting his answer, and reserves exceptions to the rulings of the court on the trial of the issue, he cannot move to dismiss the proceeding, at a subsequent term, for want of security for costs on the part of the plaintiff, who was a non-resident.

APPEAL from the Circuit Court of Marengo.
Tried before the Hon. C. W. RAPIER.

THE appellant in this case, having obtained a judgment against one Ellis, summoned the appellee, by process of garnishment, as the debtor of Ellis. The garnishee ap-

peared, and filed an answer, which, at the fall term, 1856, was stricken from the files on motion of the plaintiff; and a judgment *nisi* by default was then rendered against him. At the ensuing term, the judgment *nisi* was set aside, on the motion of the garnishee, and he was examined orally in open court as to his indebtedness to Ellis. The plaintiff contested the correctness of this answer, and tendered an issue on several specifications of its incorrectness. The garnishee objected to the sufficiency of these specifications, and excepted to the overruling of his objections; and he reserved several other exceptions to the rulings of the court in the formation of the issue joined on his answer. At the fall term, 1857, on motion of the garnishee, the court dismissed the garnishment proceeding, because it appeared that the plaintiff, who was admitted to be a non-resident, had not given security for the costs when the garnishment was sued out; to which the plaintiff excepted, and which he now assigns as error.

LOMAX & PRINCE, for the appellant.

I. W. GARROTT, *contra*.

STONE, J.—The right of a defendant to dismiss, for want of security for costs, is a right which he, so far as he is concerned, may waive. He will not be permitted to deal with the case as one rightly in court; continue, or contribute to the continuation of the litigation; and, after heavy costs have been incurred, or, perhaps, after he makes the discovery that his defense will be unavailing, then for the first time raise the objection, that he had been improperly sued, without security for costs; and for this omission have the cause repudiated. Such practice would work the grossest injustice.

In the present case, the garnishee submitted to the jurisdiction of the court, by answering; excepted to the action of the court in several particulars; made up an issue on the truth of his answer; and, at a subsequent term, moved to dismiss, because the plaintiff was a non-resident, and had not given security for costs. The mo-

37

tion should have been overruled.—See Thompson v. Lea, 28 Ala. 453; *Ex parte* Robbins, 29 Ala. 71.

Judgment of the circuit court reversed, and cause remanded.