# PEAVEY vs. BURKET.

[ACTION BY NON-RESIDENT, ON PROMISSORY NOTE.]

1. *Insufficient security for costs.*—In an action commenced by a non-resident, if insufficient or defective security for the costs is given previous to the issue of the summons; (Code, § 2396,) the suit should not be dismissed, but the plaintiff should be allowed to give new and sufficient security.

APPEAL from the Chancery Court of Butler.
Tried before the Hon. NAT. COOK.

THIS action was brought by S. J. Peavey, a non-resident, against John Burket, and was founded on a promissory note. At the trial term, the defendant moved to dismiss the suit, on the ground that the plaintiff had not complied with the statute requiring non-residents, before commencing suit, to give security for the costs. On the trial of this motion, the plaintiff proved that, prior to the issue of the summons, an acknowledgment of liability for costs was endorsed on the complaint by a responsible

person, in these words : " I acknowledge myself security for all costs that may be adjudged against the plaintiff in this case;" which was approved by the clerk. The court ruled that this was not sufficient security for the costs, within the meaning of the statute. " The plaintiff then tendered and offered to give a good and sufficient acknowledgment of security for costs, signed by a responsible person, and approved by the clerk; but the court refused to allow this to be done at this stage of the cause, and dismissed the suit; to which rulings of the court the plaintiff excepted." The rulings of the court to which exceptions were reserved are now assigned as error.

P. D. PAGE, for the appellant.

WATTS, JUDGE & JACKSON, contra.

STONE, J.—In the cases of Ex parte Robbins, 29 Ala. 71, and Ex parte Camp, at the present term, we defined, to some extent, what will amount to an endorsement of security for costs on the complaint, or a lodgment of it with the clerk, as required by section 2396 of the Code. It is obvious that, to render such security effectual as a compliance with the statute, it must be given in good faith.

In Ex parte Morgan, 30 Ala. 51, I expressed the opinion, that when security for costs had been given before the commencement of the suit, " although imperfect, it cannot be said that the plaintiff has failed to give security, and hence the case is not within the provisions of the mandate of the law." I added that, in my judgment, the plaintiff in a case thus circumstanced should be permitted to substitute a new and sufficient bond.

This court now adopts the conclusion announced by me in the case of Ex parte Morgan, and holds that, inasmuch as the security given in this case, although imperfect, was nevertheless given before the suit was instituted, and appears to have had for its object a compliance with the statute, the plaintiff should have been allowed to execute a new and sufficient security.

Reversed and remanded.