## STRIBLING vs. THE BANK OF KENTUCKY.

[REAL ACTION IN THE NATURE OF EJECTMENT.]

1. *Security for costs; what insufficient, but will prevent dismissal of suit* —A deposit of ten dollars with the clerk of the court, as security for the costs of a suit commenced by a plaintiff who is required to give such security, is insufficient in amount, but is not an omission or failure to give security. The plaintiff may perfect the security.

2. *A mortgage by wife of separate statutory estate; when passes no title.*—A mortgage of the separate statutory estate of a married woman, executed by herself and her husband to secure the payment of their joint promissory note, vests no title in the mortgagee which will enable him to recover the possession from a subsequent vendee of the husband and wife, with or without notice. And the consideration of such note may be shown by parol proof to have been the individual indebtedness of the husband, no inconsistent consideration being expressed in the conveyance.

APPEAL from the Circuit Court of Washington.
Trid before Hon. J. Q. SMITH.

This was a real action in the nature of ejectment brought by the appellee, described in the complaint as "the President, Directors and Company of the Bank of Kentucky," against the appellant Stribling. The writ was returnable to the fall term, 1870, of the circuit court, and at that term the case was continued by consent. At the spring term, 1871, the defendant pleaded in short by consent "the general issue, with leave to give in any special matter," and the plaintiff joined issue on the plea. Afterwards, when the cause was called for trial, the defendant moved to dismiss the suit, because the plaintiff had not given security for costs as required by law. On this motion, it was admitted that the plaintiff was a foreign corporation, chartered by, and located in the State of Kentucky; that on the issuing of the writ, plaintiff deposited ten dollars for costs, which was considered sufficient security for costs by the clerk, who

receipted for the same on the back of the complaint, as follows: "Acknowledge security for costs of this suit, — day of ——, 18—. Ten dollars left for costs. J. W. Gordy." "On the day the cause was called for trial, and before issue joined, the following endorsement was written on the back of the complaint: I acknowledge myself security for cost, — day ——, 18—. J. W. Gordy."

Gordy was clerk of the court at the time of the trial, as well as at the time when the summons and complaint was issued; and "no objection was made to solvency and sufficiency of this acknowledgment for future costs." The court overruled the motion, and the defendant excepted.

Both parties claimed title to the land sued for through Eugenia and George G. Skinner.

The facts of the case, as agreed on by the parties, were, in substance, as follows: In January, 1868, George Skinner and Eugenia, his wife, executed their joint promissory note to the order of John E. Curran & Co. for $1,007, payable the 1st of December, 1868, at the Southern Bank of Alabama at Mobile. To secure the payment of this note, George G. and Eugenia, his wife, executed a mortgage to Curran & Co., conveying all the right, title and interest of said George G. and Eugenia to the lands mentioned in the complaint, and of which they were then in possession. This mortgage was duly executed, witnessed and recorded in the office of the judge of probate of Washington county, the county in which the lands were situate. The note was assigned by Curran & Co. to the plaintiff, and not being paid at maturity, was duly protested. It is not clear, from the agreed statement of facts, whether the note was assigned before or after maturity. The note not having been paid, the lands mentioned in the complaint were advertised for sale, for the satisfaction of the mortgage debt, in accordance with the power conferred in the mortgage, and bought, on the 21st of January, 1870, by Alfred Goldthwaite, and by him conveyed to the plaintiff.

Subsequently to this sale, and with notice of it, Stribling purchased the premises from said Eugenia and George, her husband, and received a conveyance from them, and under

the conveyance is in posession and claims title to the premises sued for. The plaintiff then proved possession of the land by Skinner and wife at the time of their sale to Stribling, and the value of the premises during the detention, &c. The defendant then introduced a deed from one Hill to Eugenia Skinner, conveying to her the premises in suit, which it was admitted created in her a separate statutory estate under the laws of Alabama, and then offered to prove by said George G. Skinner that the mortgage under which the plaintiff claimed was executed to secure the payment of money obtained from the mortgagees by George G. Skinner on his own account, and not for the benefit of his said wife or her separate statutory estate. The plaintiff objected to the admission of the proposed evidence, and the court sustained the objection, and defendant excepted.

This being all the evidence, the court, on the request of plaintiff, charged the jury, that if they believed the evidence, the plaintiff was entitled to recover; and the defendant excepted.

The various matters to which exception was reserved are now assigned as error.

R. & O. J. SEMMES, for appellant.

ALFRED GOLDTHWAITE, contra.

[No briefs reached Reporter.]

B. F. SAFFOLD, J.—The statute (Rev. Code, §§ 2802, 2804,) is imperative, that when a plaintiff, who is required to give security for the costs, commences a suit without doing so, it must be dismissed on the motion of the defendant. The bill of exceptions states, that the plaintiff deposited with the clerk of the court ten dollars for costs, which was considered by the clerk sufficient security for costs, and was receipted for on the complaint in the following words: "Acknowledge —— security for costs of this suit, — day of ——, 18—. Ten dollars left for costs. J. W. Gordy." In *Peavey v. Burket*, (35 Ala. 141,) it was held

that insufficient or defective security for costs would not authorize the dismissal of the suit, without leave to repair the deficiency. The security given was altogether insufficient, but it was not equivalent to an omission or failure to give any. The term security, in some instances, means the personal obligation of a party, with one or more sureties, to pay money on certain contingencies, as security of the peace. In other cases, the law requiring it directs how it shall be given. But, generally, it seems that any mode which attains the end desired, will be sufficient. There is no doubt that a bond for costs of adequate amount would be a valid security. Ordinance 35 of the convention of 1867 authorizes pledges of property to be given instead of personal securities, in judicial proceedings. There was no error in allowing the plaintiff to give a proper security for the costs.

The land sought to be recovered from the defendant was admitted to have been the separate statutory estate of Mrs. Skinner. The note signed by herself and her husband imposed no liability on her personally, or on her estate. Neither did the mortgage of her land, given to secure its payment. There can be no mortgage where there is no debt.—*Martin v. Molton*, 43 Ala. 561; *Bibb v. Pope, ib.* 190; Const., Art. 14, § 6. The defendant purchased the property from her and her husband in proper compliance with section 2373 of the Revised Code, and of course obtained all the interest they could convey. This sale was a repudiation by them of the mortgage. The plaintiff, claiming title from the same source, could not defeat the defendant's valid deed with his void mortgage.

The testimony of Skinner was improperly excluded. The consideration of the mortgage was the joint promissory note of Skinner and his wife. It was not a contradiction or varying of the mortgage to prove that the consideration of the note was the individual indebtedness of the husband. A party may prove some other consideration besides that expressed in the deed, provided it is consistent with the consideration expressed.—2 Phil. Ev. 353;

*Peacock v. Monk*, 1 Vesey, 128; *West c. Hendricks*, 28 Ala. 226; *Kinnebrew v. Kinnebrew*, 35 Ala. 628.

The judgment is reversed, and the cause remanded.