# Lavange v. Burke & Wife.

*Appeal from Judgment dismissing Suit by Non-resident for Want of Security for Costs.*

*Security for costs by non-resident plaintiff; waiver of right to dismiss, on account of failure to give.* — A motion to dismiss a suit brought by a non-resident plaintiff, on account of the failure to give security for the costs as required by the statute (Rev. Code, § 2802), comes too late after the cause has been continued, and after pleas in bar have been filed.

APPEAL fom the Circuit Court of Montgomery.
Tried before the Hon. JAMES Q. SMITH.

[Lavange v. Burke.]

This action was brought by the appellant, and was commenced on the 21st November, 1871. At the June term, 1872, after pleas in bar had been filed, with a replication and demurrer, the court dismissed the suit, on motion, because the plaintiff was a non-resident, and had failed to give security for the costs; and this judgment, to which an exception was reserved by the plaintiff, is now assigned as error.

RICE, JONES & WILEY, for appellant.

STONE & CLOPTON, MORGAN, BRAGG & THORINGTON, and H. C. SEMPLE, contra.

PETERS, C. J. — There is but one question in this case. That is this: Did the appellees in the court below waive their right to have this suit dismissed, for want of security for costs, before the motion to dismiss was made? It appears that Mrs. Lavange, the plaintiff below, was a non-resident at the time this suit was commenced. She failed to give security for the costs. This failure subjected her suit to dismissal on motion in the court below. Rev. Code, § 2802, and cases there cited in note 1. But this right of dismissal may be waived. Weeks v. Napier, 33 Ala. 568. In Ex parte Robbins, the court say, in expounding this section of the Code: "Under the influence of that decision (Ala. & Tenn. R. R. Co. v. Harris, 25 Ala. 232), we hold, that the general rule established by section 2396 of the Code" (Rev. Code, § 2802) "is, that all actions commenced in a court of law, in the name and for the use of a non-resident, without security for costs, must be dismissed, on motion made at any time before a plea is filed, or judgment is rendered." 29 Ala. 71, 74. The rule thus established has never been modified. It has now been the received construction of this statute for about seventeen years. We do not feel inclined to abandon it after so long a trial. The suit in this case was commenced on November 21, 1871, in the circuit court of Montgomery. The terms of this court were then held "on the second Mondays of June and January. Acts of 1868, p. 13. The summons in this case must, then, have been returnable to the January term of said circuit court; and the case was necessarily continued until the June term following the date of the summons, that is, to the June term, 1872. The defendants filed their pleas in answer to the complaint on June 4, 1872, and the plaintiff filed her replication on June 13, 1872, and to this there was a demurrer filed the same day. On the 15th day of the same month, the defendants filed their affidavit of non-residence; and the suit was dismissed for want of security for costs, on the 17th June, 1872. This, then, was after a con-

tinuance, and after pleas filed by the defendants, and replication to the same, and a demurrer to the replication. This was too late to allow the motion to dismiss, by the rule above laid down. The right to make the motion had been waived. A judgment of dismissal, for want of security, after waiver, is error, and on appeal to this court such a judgment will be reversed. *Weeks* v. *Napier*, 33 Ala. 568.

The judgment of the court below is reversed, and remanded for a new trial.