# Henderson *v.* The State.

*Indictment for  Violation of  Local Prohibitory Liquor Law.*

1.  *Judicial notice of legislative journals.*—The courts will, when necessary, examine the legislative journals to determine whether a printed statute has a legal existence—whether it was passed in accordance with constitutional requirements.

2.  *Prohibitory liquor law in Chambers county.*—The local law prohibiting the sale of spirituous liquors, among other places, "within five miles of LaFayette College in LaFayette, Chambers county" (Sess. Acts 1890–91, p. 85), is shown by the legislative journals to have been passed in strict conformity with all constitutional requirements, and its validity is not affected by the several amendments made during its pendency.

FROM the Circuit Court of Chambers.
Tried before the Hon. JAS. R. DOWDELL.

N. D. DENSON, and WATTS & SON, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

COLEMAN, J.—The defendant was indicted and convicted for a violation of the liquor prohibition law found in the Sess. Acts of 1890–91, page 85, which prohibits the selling or giving of spirituous, vinous or malt liquors at various designated places, and also "within five miles of LaFayette College in LaFayette, Chambers county, Alabama."

It is contended that an inspection of the Senate and House Journals discloses the fact, that the act was not passed in accordance with the constitutional requirements, and is therefore null and void.   It is well settled that courts can and will, if

deemed necessary, examine the legislative records to see whether a printed statute has a legal existence.—*Jones v. Hutchinson*, 43 Ala. 723. The act in question originated in the Senate, and is denominated Senate Bill No. 27. The bill was referred to a committee, and by the committee reported with an amendment. On page 85, Senate Journal, it is shown that the bill and pending amendment was adopted by a vote of yeas and nays, and the vote duly recorded. The substitute was a mere extension of the purpose of the original bill, so as to include other places. On page 240, the vote by which the substituted bill was adopted was reconsidered, and the vote ordering the bill to a third reading reconsidered. The bill was then further amended, by inserting in the title and body of the bill other places not mentioned in the substituted bill, and as thus amended was read the third time at length, and passed by a yea and nay vote, and the vote duly recorded.

The Senate did not agree to the bill as passed by the House, and a committee of conference was appointed by both houses. The committee further amended the bill by adding other places, and also by providing, "and as to LaFayette College, it shall not take effect until January 1st, 1891." As thus amended, the bill as passed by the House was adopted by the Senate, by yeas and nays, and the vote duly recorded (Senate Journal, pp. 216, 217), and the conference report was also concurred in by the House, by a yea and nay vote, and the vote duly recorded.—See House Journal, p. 286. The Journals show that the bill was duly signed by the President of the Senate and Speaker of the House, and approved by the Governor.

We have cited the pages of the Senate and House Journals only on the points raised in argument, but have carefully examined both Journals as to the respective and successive action of the Senate and House upon the bill, until its approval by the Governor. We fail to discover that any constitutional requirement, which should affirmatively appear upon the legislative records, was not fully complied with. As to matters which are not required to be affirmatively shown, this court will indulge all reasonable presumptions in favor of the legality of the law.

In the case of *Stein v. Leeper*, 78 Ala. 517, it was declared "that the original purpose of the bill, being local prohibition, was not altered or changed by increasing by amendment the localities in which the act should have operation; that such were extensions and not changes of the purpose." The rule was re-affirmed in the case of *Hall v. Steele*, 82 Ala. 564. We are satisfied with the rule of construction declared in these decisions.

By the written agreement of the appellant, filed with the record, the court is asked to determine only the constitutionality of the law, and not consider any objection which might be urged against the sufficiency of the indictment. We pronounce the law to have been legally enacted, and to be valid.

Affirmed.