# Wilson v. Duncan.

## Contest of Election for Office of Tax Collector.

1. *Jurisdiction of city court of Talladega issuance of remedial writs.*— Under the Acts of 1892-93, p. 541, creating the city court of Talladega and conferring upon it the same powers as are exercised by circuit and chancery courts and upon the judge thereof the same powers and duties as are conferred upon circuit judges and chancellors, the judge of said court has authority to issue all remedial writs of an extraordinary nature to inferior jurisdictions.

2. *Repealing laws; omission in printed act; legislative record.*—Where the printed act of the legislature omits a portion of the act adopted, as shown by the enrolled act in the office of the Secretary of State, the latter controls.

3. *Same; same; statute providing for contest of election, giving security for costs.*—Section 417 of the Code of 1886, limiting the amount of security which can be required of one contesting an election to five hundred dollars, is repealed by the act approved February 10, 1893, (Acts of 1892-93, p. 468), which provides a new system of election contests; the enrolled act on file in the office of the Secretary of State mentioning said section as among the sections of the Code repealed, although it is not mentioned in the printed act.

4. *Election contest; jurisdictional requirements; construction of statute.*—Under the act approved February 10, 1893 (Acts, 1892-93, p. 468), regulating the manner of contesting an election and providing that the contestant "must give good and sufficient security for the costs of the contest", such security is a jurisdictional requirement, without which the court has no authority to proceed.

5. *Same; kind of security.*—A bond not in the statutory form, but good simply as a common law liability, is not a sufficient compliance with the statute.

6. *Mandamus; proper parties; appeal.*—A writ of *mandamus* to compel the performance of an official duty should be addressed to the delinquent officer in his official character, without making any other parties respondents; and a person not a party to the proceedings below cannot maintain an appeal or assign errors therein in this court.

7. *Same; function of; when granted.*—The general function of a writ of *mandamus* when directed to an inferior court, is simply to compel judicial action, and it will not be granted where full and adequate relief can be otherwise had; but it will be granted to prevent a failure of justice or any irreparable inquiry, when there exists a clear legal right and no other adequate remedy.

8. *Same; same; same.*—*Mandamus* is a proper remedy to correct rulings of the judge before whom is pending an election contest, and who fails or refuses to require of the contestant the statutory bond for costs in an unlimited amount, or who accepts a bond not in accordance with the statute.

APPEAL from the City Court of Talladega.

Tried before the Hon. JOHN W. BISHOP.

The proceedings in this case arose from the appellant, Thomas J. Wilson, filing a contest in the probate court of Talladega county, in which he contested the election of the appellee, M. M. Duncan, to the office of tax collector of Talladega county. On the day of the institution of the contest the contestant filed a bond, under section 417 of the Code of 1886, limiting the amount to five hundred dollars for the costs of the contest,. which bond was approved by the judge of probate of Talladega county on the day of its filing. The probate judge certified his incompetency to hear the contest, and James B. Newman, a practicing attorney of said county was appointed to hear the contest. The other facts of the case are sufficiently stated in the opinion.

TOMPKINS & TROY, J. W. VANDIVER, A. P. LONGSHORE and G. W. PARSONS, for appellant.—1. The act establishing the City Court of Talladega is unconstitutional. The original act of February 15, 1893, (Acts of 1892-93, p. 541), establishing the City Court of Talladega was amended by the act of February 18, 1895 (Acts of 1894-95, p. 1218). By the first section of the latter act such court is ''clothed with and shall have and exercise all the jurisdictions and powers which are now or which may hereafter be by law conferred upon the circuit courts

[Wilson v. Duncan.]

of this state; and &ast; &ast; &ast; all the jurisdiction and powers which are now and which may hereafter be by law conferred upon the chancery courts of this state." By section 20 of the act it is provided "That all laws of general nature now in force or that may be hereafter enacted giving jurisdiction to the circuit and chancery courts shall be held to extend and apply to the said city court." The cause on which this appeal is based was begun in the City Court of Talladega on September 9, 1896; and therefore after the act of 1895 went into force. This act is an attempt to extend the provisions of the laws designating the causes over which circuit and chancery courts shall have jurisdiction by reference to those laws only, without re-enacting and publishing those provisions, and is therefore violative of Sec. 2, Article IV of the Constitution of 1875.—Code of 1886, p. 26; *Rice v. Westcott*, 108 Ala. 353; *Stewart v. State*, 100 Ala. 1; *Bay Shell Road Co. v. O'Donnell*, 87 Ala. 376; *Miller v. Berry*, 101 Ala. 531.

2. The jurisdiction of the City Court of Talladega was appellate only, and the only power it could have by *mandamus* to the probate judge of Talladega county was to compel him thereby to do those things necessary and incidental to perfecting an appeal from his decision to it. The contest was commenced under the act approved February 10, 1893 (Acts 1892-93, p. 468). By section 10 of this act jurisdiction is conferred upon the judge of probate of the county in which the election is held of any contest of the election to office filled by the vote of a single county. It is further provided by this section that the contestant must file with such judge of probate a statement in writing of the grounds of contest, "and must give security for the costs of such contest to be approved by the said judge of probate." It is further provided by this section that after the filing of such statement and the giving of security for costs a day must be appointed for trial, summons issued, etc. By section 3 of the act, which applies to all contests arising under the act, and which therefor applies to contests like the one in the case at bar, it is provided that "At the time of commencing such contest and of the filing of the said statement in writing, the party contesting must give security for the costs of such contest." It appears, therefore, that when we read Sec. 3 in connection with Sec. 10 the filing

of the contest and the giving of the security were made concurrent acts; and it appears further by Sec. 10 that such security must be approved by the probate judge with whom it was filed. Most of the provisions of Chapter 4, Article 6, of the Code were repealed by this act of 1893, as shown by section 15. It is to be noted, however, that section 417 was not repealed. The omission of the number "417" from section 15 could be given no effect if section 417 was held to be repealed. It provides that at the time of filing the statement of the grounds of contest with the probate judge, the contestant must give *security for the costs of such contest*, to be approved by such judge, and that in no case shall such judge require security for more than $500. This section of the Code is entirely harmonious with sections 3 and 10 of the act of 1893, and contains some additional matter and is therefore not repealed by the act.—23 Amer. & Eng. Encyc. of Law, 486; *In re Barber*, 86 Pa. St. 392; *Iverson's Case*, 52 Ala. 170; *Ezell's Case*, 102 Ala. 101; Endlich Inter. Stat., § 210; Sutherland, § 202; *Parker's Case*, 102 Ala. 128; Potter's Dwarris, p. 154, note 4, collects the authorities. There is nothing in the contention that the provision in the act of 1893, for judgment against the unsuccessful party for all the costs, is inconsistent with section 417 of the Code, because there was the same provision in the old repealed law in section 427 of the Code. Though a new system is provided, the provisions of the old system, covering the same field are not repealed by implication, except in so far as necessarily repugnant to the new system.—*In re Barber*, 86 Pa. St. 392.

3. Even if the city court of Talladega was constitutional, it had no jurisdiction to grant *mandamus* directed to Judge Newman who was appointed special judge by reason of the incompetency of Judge Miller. Judge Newman passed upon each of the motions made by the contestee in reference to the security for costs. The jurisdiction to try election contests such as the one at bar is conferred by Sec. 10 of the Act of 1893 upon the probate judge personally; and it is not conferred upon the probate court. There was no such jurisdiction prior to this act; it is purely statutory and limited by the terms of the statute.—*Chandler v. Hanna*, 73 Ala. 390, and authorities cited therein; *St. Pancras v. Batterbury*,

[Wilson v. Duncan.]

2 Com. B. (N. S.) 477, and Scott's note, p. 487; 23
Amer. & Eng. Encyc. of Law, 482 and note 3; *Dickey
v. Reed,* 78 Ill. 261; *Bottoms v. Brewer,* 54 Ala. 288;
*State v. Dortch,* 6 So. Rep. 777, 41 La. Ann. 846; *Rey-
nolds v. Police Jury,* 44 La. Ann. 863; *Leigh v. State,* 69
Ala. 261; 7 Lawson's Rights & Remedies, § 3777.

4. It is a settled principle of the law of *mandamus*
that a grant of appellate jurisdiction confers upon the
appellate court only power by *mandamus* to direct the
body from which the appeal lies to do those acts neces-
sary to perfect the appeal. That such a power does
exist in an appellate court is clear, for otherwise the
right of appeal which is granted to the party might be
entirely defeated by the failure or refusal of the court or
judge below to do such acts as are necessary to put the
cause into condition for presentment to the appellate
court. As this power to control the lower court or judge
is merely incidental to the right of appeal it cannot be
extended to uses beyond those which are necessary to
make it effective. The authorities are uniform in recog-
nizing this rule and the cases are collected by the authors
cited below : Works, Courts and Jurisdictions, § 80, p.
626 ; High, Extraordinary Legal Remedies, § 27 ; Hawes'
Jurisdiction, § 142 and notes 17, 18 ; Elliott Appellate
Procedure, 515 and notes ; Merrill on *Mandamus,* §§ 53
and 208 ; 2 Brickell, 240, §§ 4 and 9 ; 3 Brickell, 625,
§§ 2 and 4.

5. The contestee had sufficient remedy by appeal.
It is clearly settled that if there is adequate remedy by
appeal *mandamus* will not lie.—*Ex parte McKissack,* 107
Ala. 493 ; *Ex parte Elston,* 25 Ala. 72 ; High on Extra.
Remedies, §§ 177, 188 ; Elliott on Appellate Procedure,
§§ 515, pp. 434 and 435, note 1 ; Merrill on *Mandamus,* § 53 ;
Heard's Short Extra. Relief, * 236 and * 237. It is
clear here that if Judge Newman erred in his rulings on
the motions of contestee, that such rulings constituted
sufficient ground for a reversal of the cause on appeal to
the city or supreme court. As we pointed out above,
provision is made in the Code for reserving exceptions
to rulings which would not otherwise appear of record
by bill of exceptions. If this be true then *mandamus*
should not have been awarded, even if the city court had
jurisdiction.—*Ex parte McKissack, supra.*

6. The decision of Special Probate Judge Newman

was a judicial act. It is well settled that even where a court has jurisdiction it will not award *mandamus* to control a judicial act of an inferior.—*Ex parte Hurn*, 92 Ala. 102, and authorities therein cited ; Wells' Jurisdiction, §§ 472 and 479 ; Hawes' Jurisdiction, §§ 143, 152 ; Elliott on Appellate Procedure, § 515 ; 2 Brickell, 241, §§ 20, 21 and 24 ; 3 Brickell, 625, § 6.

Judge Newman properly overruled the motions of the contestee because the filing and approval of the bond by Judge Miller were necessary and incidental to the bringing of the suit. Here the jurisdiction of the judge of probate of Talladega county was exclusive and there was no other court or judge to whom application could be made by the contestant or before whom an action could be brought. The statute is imperative that the contestant shall give the security and after approval by the judge is made it is filed. To hold that because of the incompetency of Judge Miller to determine the cause the security filed with and approved by him is invalidated thereby, would deprive the contestant of the right which the law gives him to contest the election of the contestee. In *Heydenfeldt v. Towns*, 27 Ala. 430, the court recognized this doctrine and refer, with approval, to the cause of *Paddock v. Wells*, 2 Barb. Chancery, 331, in which the chancellor decided that an exception to the rule that a judge could not do any act in a cause in which he was incompetent "is where the constitution has conferred the jurisdiction upon a particular judge or tribunal, and no provision is made by law for hearing and deciding the matter in controversy." This rule is more fully set out in *Matter of Ryers*, 72 N. Y. 1, in which the authorities are collected. See, also, 1 Freeman on Judgments, § 146 ; Weeks on Jurisdiction, pp. 402 and 403 ; Hawes on Jurisdiction, § 35 and note 16.

E. H. DRYER, and KNOX, BOWIE & DIXON, and WHITSON & GRAHAM, and W. B. CASTLEBERRY, *contra*.—1. Where the evident intention of a new statute is to provide a new system on the subject, the old statute on the same subject is repealed by implication, and, in the language of the Supreme Court of Massachusetts, "although it may not contain express words of repeal, will, on principles of law, as well as in reason and common sense, so operate." — 3 Brickell Dig., 750, § 49 ;

*Bartlett v. King,* 12 Mass. 537; *Wakefield v. Phelps,* 37 N. H. 304; *Towle v. Marrett,* 3 Greenl. 22; *Lewis v. Stout,* 22 Wis. 234; *Ogbourne v. Ogbourne,* 60 Ala. 620; *Cahall v. C. M. B. Assn.,* 61 Ala. 232; *Lemay v. Walker,* 62 Ala. 39; *Scott v. Simons,* 70 Ala. 352; *Barker v. Bell,* 46 Ala. 221; 23 Amer. & Eng. Encyc. of Law, 787; *County of Clay v. County of Chickasaw,* 1 So. Rep. (Miss.) 754; *St. Clair County v. Smith,* 112 Ala. 347; *Maxwell v. State,* 89 Ala. 150. So where a new statute confers larger or more restricted powers, wider or less extensive privileges, heavier or less grievous burdens, or different duties in the same particular.—23 Amer. & Eng. Encyc. of Law, 483 (b), 484 (c) ; *George v. Skeates,* 19 Ala. 738. Conflict necessarily repeals.—23 Amer. & Eng. Encyc. of Law, 479, § 3; *Watson v. Kent,* 78 Ala. 602; *Riggs v. Brewer,* 64 Ala. 282. The new contest law provides a new system.— *Wade v. Oates,* 112 Ala. 325; *Turnipseed v. Jones,* 101 Ala. 595. On the question of security for costs, the new statute not only in the terms requires security for "the costs," (Acts of 1892–93, section 3, subd. 3, p. 469; *Ib.* § 10, p. 475), which is essentially different from security for a lesser or limited amount of costs, (*Griffin v. Wall,* 32 Ala. 156; *Ex parte Morgan,* 30 Ala. 51) ; but permits an execution to issue against the sureties and contestant making no discrimination in favor of the surety as to the amount.—Acts of 1892–93, pp. 476, 477.

2. The approval of the security for costs by the disqualified judge of probate was the exercise of a judicial act and voidable on direct attack.—*Ex parte Harris,* 52 Ala. 90; *Ex parte Thompson,* 52 Ala. 98; *McDuffie v. Cook,* 65 Ala. 430; *Coger v. Franklin,* 79 Ala. 505.

3. Application was made to the proper judge and court for mandamus.—*Ex parte Pearson,* 76 Ala. 523; *State ex rel. Pinney v. Williams,* 69 Ala. 315; *Ramagnano v. Crook,* 88 Ala. 450; Acts, 1892-93 (establishing City Court of Talladega) 511; Acts, 1894-95 (amending the City Court) 1218. Both the question as to the approval by the disqualified judge of the security for costs, and the refusal to require contestant to give security for "the costs", were matters where an appeal furnished no remedy; the costs must accrue before final judgment. In such a case the superior court by virtue of being invested with the power to issue writs of man-

damus and maintain a superintendence over inferior tribunals, will grant mandamus to vacate such orders and to restrain such action of the lower court as will inflict the injury.—*Ex parte Green*, 109 Ala. 660 ; *Bridgeport Electric & I. Co. v. B. L. & I. Co.*, 104 Ala. 276 ; *Ex parte Sayre*, 95 Ala. 288 ; *Ex parte Tower Mfg. Co.*, 103 Ala. 415 ; *Ex parte Cole*, 28 Ala. 50 ; *Ex parte Morgan*, 30 Ala. 51.

4. There is a principle of statutory construction as to repeals by implication, of almost universal application, that clearly shows that the contest law of 1893, repeals the contest law contained in the Code of 1886. And that is, that the act of February 10th, 1893, was a complete revision of the election contest law, containing new provisions, and evidently intended as a substitute for the existing law on that subject, and therefore necessarily repeals the former law. "A subsequent statute, revising the subject matter of a former statute, evidently intended as a substitute for it, although it may not contain express words of repeal, will on principles of law, as well as in reason and good sense, so operate."— *Ogbourne v. Ogbourne*, 60 Ala. 620 ; *Cahall v. Citizens M. & B. Assn.*, 61 Ala. 244 ; *Lemay v. Walker*, 62 Ala. 40 ; 23 Am. & Eng. Enc. Law p. 485, 486, n4 ; *U. S. v. Tyner*, 78 U. S. 88 ; *Fisk v. Henarie*, 142 U. S. 459.

5. The right of appellee as contestee to have the contestant give security for all the cost of the contest as required by law, is clear. And its denial works an irreparable injury to him, for which an appeal, after final judgment, is not an adequate remedy, for the all sufficient reason that the whole cost would then have accrued and he would of necessity have incurred a liability for all the cost that had accrued at his instance. *Mandamus* was the proper remedy in this cause to require said J. B. Newman, special judge of probate, to vacate or annul his order or decree refusing to require security for all the cost of such contest and overruling the contestee's (appellee's) motion to require such security ; and directing him to require contestant to give the security for cost required by law before being allowed to proceed further with such contest, on pain of dismissal of the same.—*Ex parte Morgan*, 30 Ala. 51 ; *Ex parte Robbins*, 29 Ala. 71 ; *Ex parte Tower Mfg. Co.*, 103 Ala. 417 ; *Ex parte Sullivan*, 106 Ala. 81 ; *Reynolds v. Crook*, 95 Ala.

[Wilson v. Duncan.]

570 ; *Ex parte Haralson*, 75 Ala. 543 ; *Ex parte Barnes*, 84 Ala. 540 ; *Ex parte Laurence*, 34 Ala. 446 ; *Ex parte Cole*, 28 Ala. 51 ; *Ex parte Mahone*, 30 Ala. 49 ; *Ex parte North*, 49 Ala. 385 ; *Stillman v. Dunklin*, 48 Ala. 175 ; *Fuller v. Boggs*, 49 Ala. 127.

HARALSON, J.—1. The act creating the city court of Talladega confers on the said court all the authority, jurisdiction and powers within said county, which had been conferred, at the time of its enactment, or which might thereafter be conferred by law, on circuit or chancery courts of the State ; and upon the judge of said court, within the State and county, the same authority and powers, and the same duties as a circuit judge or chancellor has and performs, within the State and within his circuit or division, &c.—Acts, 1892-93, p. 541.

Both city and circuit courts, having like jurisdiction in civil matters, can issue writs to probate courts or probate judges, in all cases warranted by the principles and usages of law, and have the power, "to exercise a general superintendence over all inferior jurisdictions." *The State v. Williams*, 69 Ala. 315 ; *Towns v. The State*, 111 Ala. 1 ; *State v. Rodgers*, 107 Ala. 444.

2. Section 417 of the Code provided, that when a contest was begun for any office by a contestant, before the judge of probate,—as provided for in the Article of the Code of which said section was a part,—he "must, also, at the same time, give security for the costs of such contest, to be approved by such judge ; but in no case shall such judge require security for more than five hundred dollars." In this case, the judge of probate, acting on the supposition that said section was still of force, and had not been repealed, required, and took from the contestant a bond and security for costs according to its provisions, in the sum of $500.

The main contention in this case is, as to whether said section has been repealed or not. On February 10, 1893, the legislature passed an act, entitled "An act to provide for and regulate contests of elections to offices, State and county herein [therein] named."—Acts, 1892-93, p. 468. This act, as it was intended, provided a new system for the contest of elections to offices in this State, and by number, expressly repealed all the sections of the Code from section 396 to 434, inclusive, relating to the

same subject. In the published acts, however, said section 417 does not appear as having been repealed, but, of all the sections in Articles I to VI inclusive, this one appears to have been left unrepealed. Much time, research and argument of counsel on both sides, have been devoted, on the one side, to show that the said section has not been repealed, and that the legislature had no intention to repeal it, and on the other, that the provisions of the new law are inconsistent with it, and repealed it by implication,—the failure of the legislature to include it in the repealing clause of the act, being an inadvertence or oversight. All this contention, however, is put to rest by the examination of the enrolled act as it appears in the office of the Secretary of State, in which said section is mentioned among the others which were repealed. Its omission from the printed act was the result of mistake. The legislative record, of course, governs.—*Jones v. Hutchinson*, 43 Ala. 721; *Moody v. The State*, 48 Ala. 115; *Moog v. Randolph*, 77 Ala. 597; *Henderson v. The State*, 94 Ala. 95; Sutherland on Stat., § 28; Sedg. on Const. of Stat. Law, p. 55.

3. Section 3, subdivision 3 of said act of 1893 provides, "that at the time of commencing such contest, and of the filing of the said statement in writing, (the one required to be filed, setting forth the prescribed averments for a contest), the party contesting must give security for the cost of such contest, to be filed and approved as hereinafter provided." Section 5 makes provision for the contest of the election of a senator or representative to the General Assembly; 6, for that of chancellor; 8, for judge of the circuit court; 9, for judge of probate, and as to each, the requirement is, that the contestant "must give good and sufficient security for the costs of such contest," to be approved by the officer designated.

In section 10, under which the contest in this case arises, the provision is, that the person contesting "must give good and sufficient security for the cost of such contest, to be approved by the said judge of probate. Such statement [of contest] having been filed, and security for costs given, the judge of probate must appoint a day for the trial of such contest, and must order a summons to issue to the party whose election is contested, accompanied with a copy of the said statement, requiring such party to appear and make answer to such statement within five days after

the service of such summons. And the said judge must appoint a day for the trial of such contest, not exceeding twenty days after the filing of the said statement," &c.

Section 13 provides that, "In all cases, the person whose election is contested, if he be the successful party in such contest, is entitled to judgment for the cost thereof, against the party contesting and his sureties, for which execution may issue returnable to the court of probate, or to the court of chancery, or to the circuit court,"—in whichever court the contest may have been tried.

Section 3 of the act requires, "That when any elector chooses to contest, he must make a statement in writing setting forth specifically : (1) The name of the party contesting, and that he was a qualified voter when the election was held. (2) The office which said election was held to fill, and the time of holding the same. (3) The particular ground or grounds of said contest, which statement must be verified by affidavit of such contesting party, to the effect that the same is believed to be true," &c.

From the foregoing recitals of the provisions of said act, it appears that two things are necessary to the proper institution of a contest proceeding under said statute : (1), that the statement provided for, shall be filed as required ; (2), "and at the time of commencing such contest, and of the filing of the said statement in writing, the party contesting must give security for the cost of such contest, to be filed and approved," as provided in each particular case. Without a compliance with each of these provisions, in form at least, the judge before whom the contest is to be tried, has no right to proceed. The language of the statute, as applicable to the case in hand, is clear : "such statement having been filed, and security for costs given, the judge of probate must appoint a day for the trial of such contest," &c. We need indulge no argument in support of a proposition which lies so open on the surface.

4. The bond which was filed and approved in the case, was not the one required by the statute, and as for the due prosecution of the proceeding, without more, it was just the same as if no bond had been filed at all. If good, it was good as a common law, but not as a statutory, bond,—one on which the contestee, if successful,

would have to sue to recover costs, and then, the recovery would be limited to the amount of the penalty.— *Hilliard v. Brown*, 103 Ala. 318; *Adler v. Potter*, 57 Ala. 571. The bond required by this statute is for the costs of the contest, not within prescribed limits, but all the costs, in unlimited amount, on which, at the conclusion of the trial, if favorable to contestee, a statutory judgment may be rendered against the contestant and his sureties. The legislature very well understood, that the cost of a contest of this character, might exceed, many times, the amount prescribed under the former law, and this was one of the defects, existing under the old, proposed to be remedied under the new system.

5. On the day he was summoned to appear,—which was as early as he could do so,—the contestee moved the court to dismiss the contest, on the ground, among others, in substance, that the contestant had not given security for costs in the manner required by statute. This motion was overruled. Thereupon, the contestee moved the court to require him to give another bond for all the costs of the contest, assigning as reasons therefor, the many grounds presented and urged for the dismissal of the cause; and this motion was overruled, and the contestee was required to try on the statement filed and the security as given for the contest.

In *Ex parte Morgan*, 30 Ala. 51, it was held, that in a suit commenced by a corporation, a bond for costs in the penal sum of $200, conditioned for the payment of such costs, "as may be adjudged against the plaintiff," was not a compliance with the statute, which required a corporation, before commencing suit, to "give security for costs;" and on failure to do so, the suit, on motion of defendant, should be dismissed. In that case, on the question, whether the plaintiff, having given defective security, his suit should be dismissed absolutely, or he should be allowed to substitute new security, the court was divided. Afterwards, in *Peavey v. Burket*, 35 Ala. 141,—a similar case,—it was decided, that inasmuch as the security given in the case, although imperfect, was nevertheless given before the suit was instituted, and appeared to have had for its object a compliance with the statute, the plaintiff should be allowed to execute a new and sufficient security. This ruling was followed in the later case of *Stribling v. The Bank*, 48 Ala. 451.

[Wilson v. Duncan.]

·.In this state of case, the contestee · applied to ·the judge of the city court of Talladega for a writ of *mandamus*, to the special judge of the probate court, James B. Newman, to require him to set aside and vacate the judgments or decretal orders in respect. to · the security for costs in the case, and to require the contestant to give good and sufficient security for costs of the ·contest, in default of which the same should·be dismissed, and commanding him otherwise to refrain from proceeding to hear and render judgment in the cause, no ·security for costs having been given in manner and form as required by law,, &c. A rule *nisi* to said special judge·was·granted, in reply to which ·he demurred to the· petition·on various· grounds, which demurrer was overruled. Thereupon, the special: judge answered the same,setting forth the proceedings in their order, admitting the main facts of the petition, and insisting that the judgments rendered in the proceeding were according to law ; and whether so rendered or not, they could not be properly revised or reversed on said application for *mandamus*. This answer was demurred to on several grounds, and the demurrer sustained. The respondent declining to plead further the rule *nisi* was made final, according to the prayer of the petition. ·

6. The contestant, T. J. Wilson, appeals and assigns errors in the ruling of said judge on said *mandamus*. A motion is here submitted to dismiss the appeal, (1), because said Wilson was not a party to the suit below ; and (2), in substance, that special probate judge, Newman, to whom said writ was directed, was the only party defendant in said proceeding; and he and movant, the contestee, constituted the only parties to said proceeding .and to said judgment rendered therein, from which the appeal was prayed and taken by appellant, T. J. Wilson. ·

When the purpose of the writ is to secure the performance of an official duty by a public officer, it should be addressed to him in his official character, and it is not the practice to make any other persons parties ·respondent, than the officer whose conduct is called in question. High's Ex. Leg. Remedies, § 440 ; 14 Am. & Eng. Encyc. of Law, 289. It may be added, that persons not made parties to the suit below, are not permitted to bring a cause to this court by, appeal, nor. assign errors. as par-

ties to the record.—Code of 1886, § 3611; *May v. Court-nay*, 47 Ala. 185; *Reese v. Nolan*, 99 Ala. 205.

It is sufficient to say, that this appeal is not properly before us in the name and on the prosecution of the con-testant, Thos. J. Wilson, and the motion to dismiss the appeal must prevail. We will not attempt to say in whose name and how it should have been prosecuted.

7. This motion is met by a counter motion, by appel-lant, for a rule *nisi* from this court to the judge of the city court of Talladega, to show why he should not set aside and annul his order to special Judge Newman, to vacate certain orders therein specified, on the grounds, that said order is absolutely void; that the city court and the judge thereof were without jurisdiction to grant said order, &c. Conceding that we have the authority in-voked in said motion, it appears it ought not to be ap-plied in the case before us.

Generally, the function of a writ of *mandamus* is to compel a subordinate court to hear and decide a contro-versy of which it has jurisdiction; or, if the case has been heard, to render a judgment or enter a decree in the cause; but not to direct what particular judgment shall be rendered, or to correct errors; not to control but compel judicial action; and the writ will not be granted, where full and adequate relief can be had by appeal, writ of error or otherwise.—*The State v. Williams*, 69 Ala. 311; *Ex parte State Bar Asso.*, 92 Ala. 116.

But, this is not the limit of the office of that writ. It is sometimes employed to correct the errors of inferior tribunals, and to prevent a failure of justice, or irreparable injury, when there is a clear legal right, and there is absence of any other adequate remedy. We have recently gone over this subject very fully, in the case of *Ex parte Tower Man. Co.*, 103 Ala. 415, and it is unnec-essary to here repeat what was there said. As illustra-tive of the application of the remedy to such ends, we refer to *Ex parte Robbins*, 29 Ala. 71; *Ex parte Morgan*, 30 Ala. 51; *Ex parte Haralson*, 75 Ala. 543; *Ex parte Barnes*, 84 Ala. 540; *Reynolds v. Crook*, 95 Ala. 570. In *Ex parte Morgan*, for instance, to which case reference has already been made,—a case identical in principle with the one before us,—this court held the security not to be in ful-fillment of statutory requirements, and a rule *nisi* for *mandamus* to correct that ruling was awarded.

[Walton v. Parker.]

There can be no question but that the ruling of the city court granting the rule *nisi* to the special judge of probate in this case, requiring contestant to give a good and sufficient security for all the costs of the contest, was fully sustained by the adjudications of this court, to which we have referred.   The costs of the trial, if prosecuted to final judgment in favor of contestee, might have far exceeded the limits of the bond taken, leaving him without the benefits of a statutory judgment against the principal and his sureties for costs, which the statute gave him.   An appeal, in the end, for the failure of the judge to require the proper security, would have been an entirely inadequate remedy for the threatened injury.   No such case ought to be allowed to be prosecuted without a proper bond, and if the trial judge fails or refuses to require it, or accepts one not in accordance with the statute, *mandamus* is the proper remedy to correct his rulings.

It is obvious, therefore, if we were to grant the motion of appellant, for a rule against the judge of the city court, it would be unavailing and useless.

We find no error in the proceedings below, of which appellant, if here on proper appeal, can complain.   His motion for a rule *nisi* to the judge of the city court of Talladega, is denied.

Let the appeal be dismissed out of this court.

Appeal dismissed.